## SUPREME COURT.

BLANCHARD, adm'r &c. agt. STRAIT.

Where a plaintiff in the summons describes himself as " *administrator*," &c., and in the complaint declares generally, without any description, it is a fatal variance, and the proceedings will be set aside as irregular.

A plaintiff has no right to change the form and character of the action after it is commenced.

The facts constituting a cause of action, or ground of defence, should now be set forth in a plain, direct and certain manner. And where several causes of action are set out in a complaint, they should be separately stated and numbered. (*See Rule* 87; 4 *Comstock*, 249.)

It *seems*, that the old form of common counts in a declaration are not sufficient under the Code.

*Otsego Special Term, March* 1853. This was a motion in behalf of the defendant, to set aside the plaintiff's proceedings for irregularity; also to strike out portions of the complaint for redundancy, and also to require the plaintiff to make said complaint more definite and certain.

L. J. WALWORTH, *for Defendant*.

C. FIELD, *for Plaintiff*.

CRIPPEN, Justice.—It appears from the motion papers in this case, that the summons served on the defendant was entitled as above (giving the name of the intestate), and was addressed to the defendant by name; it required him to answer the complaint of the " above named plaintiff;" that such complaint would be filed in the Otsego county clerk's office; and the defendant was also required to serve a copy of his answer, or the plaintiff would take judgment against him for one thousand dollars.

The defendant retained an attorney to defend the action, who gave notice thereof, entitling such notice in the same manner of the summons, and demanded therein that a copy of the plaintiff's complaint be served as required by the Code. Within a few days after service of said notice and demand on the plaintiff's attorney, he served a copy of complaint on the defendant's attorney, entitling the action therein " Joseph G. Blanchard agt. Rufus E. Strait." It did not appear in the title of said com-

plaint, or in the body of it, that the action was brought by Joseph
G. Blanchard, administrator of the personal estate of Esther
Blanchard deceased, but, on the contrary, in his individual
character and right. It appeared that but one action had been
commenced by the plaintiff against said defendant.

Actions are now commenced by process of summons. The
Code directs that the summons shall be subscribed by the plaintiff
or his attorney, and directed to the defendant, requiring him to
answer the complaint, &c. (§ 128). A summons may be served
either with or without a complaint, and the action is commenced
from the time of service of the summons. The complaint was
not served with the summons in this case, but was afterwards
served on the defendant's attorney on a proper demand thereof
by him. A summons by which an action is commenced, is the
process of the court. The court from which it issues is required
to be designated therein, and it should be governed and regulated
by the rules of practice formerly applicable to a *capias* as far as
those rules can properly be made to apply. The title of the
action in this case was distinctly and fully given in the sum-
mons; the plaintiff describes himself therein " *administrator of
the personal property of Esther Blanchard, deceased;*" it is
addressed to Rufus E. Strait, and he is commanded to answer to
the complaint of the " *above named plaintiff.*" It is manifest
that the person referred to in the body of the summons as the
plaintiff, is the same person described in the title thereof, and he
is there described by his special character of administrator, &c.
The proper name of the plaintiff no where appears in the sum-
mons, except in the title of the action at the commencement of
said summons. The reference in the body of the summons to
" the above named plaintiff," must be intended and held to refer
to him in his special character as therein described.

Where the process by which an action is commenced describes
the plaintiff in a representative or special character, and the de-
fendant is commanded to answer said plaintiff in that right or
character, the plaintiff can not declare generally in the action;
if he do so the variance will be held fatal and the proceedings
set aside for irregularity.

In the case of Canning vs. Davis, *Burrows,* 2471, the court.

Blanchard agt. Strait.

held that if the plaintiff took out process to answer him *qui tam,* &c., he could not declare in his own name only, and the proceedings were set aside for irregularity, for that reason. In the case of Willard vs. Missani, 1 *Cow.* 37, the court decide that the declaration must correspond with the process in the names of the parties.

The complaint served in this action by the plaintiff is entitled in his individual name, and seeks to recover demands in his own right against the defendant, and not in his representative character of administrator. The plaintiff has no right to change the form and character of the action after it is commenced; if he does so, it is an irregularity for which the proceedings should be set aside by the court.

The complaint in this action is also obnoxious to the 87th rule of the court; several distinct causes of action are set forth therein, none of which are numbered in conformity with the requirements of that rule. In this the plaintiff's proceedings are also irregular.

The complaint is also indefinite and uncertain. The nature of the demands sought to be recovered, are not set forth therein in a plain and concise manner. The Code requires the complaint to contain a plain and concise statement of the facts constituting the cause of action. The complaint in this case alleges that the defendant on the first day of January 1853, was and still is, indebted to the said plaintiff in the sum of one thousand dollars, for divers personal property sold and delivered to the said defendant by the said plaintiff, and for work, labor, care and diligence of the said plaintiff, by him and his wife and servants done and performed for the said defendant, in and about the business of the defendant; also for divers materials and other necessary things found, provided, used and applied about that work by the plaintiff at the defendant's request; and for money had and received by the defendant to and for the use of the plaintiff, and for money paid, laid out and expended by the said plaintiff for said defendant at his request; and for money lent and advanced by the plaintiff to the defendant; and also on an account stated between the parties.

It appears to me that this mode of declaring is a clear depart-

Blanchard agt. Strait.

ure from the letter and spirit of the Code. No one can deny that it is manifestly indefinite and uncertain, and widely departs from a plain and concise statement constituting the plaintiff's cause of action. The true rule under the Code is that the facts constituting the cause of action, or ground of defence, should be set forth in a plain, direct, definite and certain manner. The complaint in this case wholly omits to state the time, place, quantity or description of the personal property, alleged therein to have been sold and delivered to the defendant. Neither does it set forth the value thereof, or the amount claimed therefor. The same uncertainty and vagueness appertains to each of the several demands or claims set forth in the complaint.

In my opinion the common counts under the former system of pleading, are not sufficiently definite and certain, to be adopted under the Code; a more definite, certain and truthful statement of the cause of action should be given. It was said by Judge BRONSON, in the case of Eno vs. Woodworth, 4 Comst. 249, that it was questionable whether it would be good pleading under the Code to follow the old form and say that the defendant was indebted to the plaintiff in a certain sum, for so much money had and received by the defendant, to the plaintiff's use. The learned justice also says, the more proper course would seem to be that the plaintiff should state the facts which go to show that the defendant had received moneys belonging to the plaintiff. In my judgment, if a question exists upon this subject, it should be solved by holding that it is not only proper but absolutely requisite for the plaintiff to state the facts necessary to show that the defendant received money to the plaintiff's use, and such statement should be understood to mean what it says.

Without pursuing this subject further, my opinion is that the complaint should be set aside for irregularity: 1st, for the variance between the summons and complaint. 2d, on the ground of a non-compliance with rule 87 of this court, with leave to the plaintiff to amend the same in both particulars, within twenty days after notice of the order entered under this decision; and if the plaintiff thus amends his complaint, he must also amend the same by making it more definite and certain. The motion is therefore granted with ten dollars costs.