## SUPREME COURT.

ABRAHAM TOLL, assignee of THE MOHAWK VALLEY FARMERS' INSURANCE COMPANY agt. ADAM CROMWELL.

The plaintiff, residing in Schenectady county, brought his action upon a promissory note against the defendant, residing in Schoharie county, and laid his *venue* in *Albany* county. The defendant, in due time, properly demanded that the venue be changed to the proper county. Subsequently the defendant served his answer and motion papers for a change of the venue (for convenience of witnesses) to *Schoharie*. The plaintiff thereupon amended his complaint, by changing the venue to *Schenectady*—which was the only amendment

Toll, assignee of the Mohawk Valley Farmers' Ins. Co., agt. Cromwell.

This amendment deprived the defendant of the right to his motion for a change
of the venue on his demand; and, not having served an amended answer, the
question was, whether he was deprived of his motion on the ground of con-
venience of witnesses—the cause not being at issue.

*Held*, that the defendant could be saved, by the provision that the plaintiff's
right to amend his complaint should be *without prejudice to the proceed-
ings already had*. If the defendant had a right to make his motion when
he served his papers, the fact that the amendment of the complaint had only
technically destroyed the issue, should not deprive him of the motion upon the
merits, where it appeared that his facts and grounds of motion were adapted
as well to the amended as the original complaint.

*Albany Special Term, July*, 1855.

MOTION to change the venue.

This action was brought upon a note made by the defendant,
payable to the plaintiff's assignors. The plaintiff resides in
the county of Schenectady, and the defendant in the county of
Schoharie. The venue was in the county of Albany. The
defendant's attorney, in due time, served upon the plaintiff's
attorneys a demand, that the trial be had in the proper county.
After the service of such demand, the defendant put in his an-
swer, alleging, in substance, that the note upon which the ac-
tion was brought had been obtained fraudulently.

Upon an affidavit stating these facts, and also stating that
the defendant had a large number of witnesses, who were ma-
terial to his defence, residing in the county of Schoharie, giving
their names and places of residence, and stating the facts in
respect to which he deemed such witnesses necessary, the de-
fendant gave notice of a motion to change the place of trial
from Albany to Schoharie.

After being served with the answer of the defendant, and a
copy of the affidavit, and notice of motion, the plaintiff's at-
torneys amended their complaint by changing the place of trial
from Albany to Schenectady. The plaintiff did not claim to
have any material witnesses either in Albany or Schenectady.

J. K. PORTER, *for plaintiff.*
R. L. MARTIN, *for defendant.*

Toll, assignee of the Mohawk Valley Farmers' Ins. Co., agt. Cromwell.

HARRIS, Justice. The defendant, at the time he gave notice of this motion, was entitled to move upon two grounds. He had demanded that the venue be changed to the proper county, and the plaintiff had not tendered a consent that it should thus be changed. He was, therefore, entitled to move under the *first* subdivision of the 126th section of the Code. The cause, too, was at issue; and his affidavit showed that the convenience of witnesses required that the venue should be changed. This entitled him to move under the *third* subdivision of the same section.

But, after the notice of the motion was served, the plaintiff, as he had a right to do under the 172d section of the Code, amended his complaint. The only change made by the amendment was, to change the venue from Albany to Schenectady, where the plaintiff resided. By this means he deprived the defendant of the first ground of his motion. The venue was now in a proper county, though not the same county to which the defendant desired to have it changed. The court would not be authorized to grant the motion to change the venue from Schenectady to Schoharie, merely because it was the place of the defendant's residence. The decision of the motion, therefore, may depend upon the right of the defendant to have the venue removed to Schoharie for the convenience of witnesses.

That the venue should go to Schoharie upon this ground, sufficiently appears. Indeed, it is not pretended that the plaintiff has any witnesses in Schenectady. But the plaintiff insists that the motion cannot be granted, for the reason that the cause is not at issue. This is, technically, true. Though when the notice of the motion was served, issue had been joined by the service of an answer, yet, by the service of an amended complaint, that issue was destroyed, and the defendant was at liberty—perhaps required—within twenty or forty days, according to the manner in which the amended complaint was served, to put in a new answer. The issue might thus be entirely changed, and witnesses who might have been material under the issue, as it was first made, might not be required under the new issue.

Toll, *assignee of the Mohawk Valley Farmers' Ins. Co., agt.* Cromwell.

But it is expressly declared that the plaintiff's right to amend his complaint shall be *without prejudice to the proceedings already had*.   If effect is to be given to this provision, the defendant cannot be turned out of court, upon his motion, upon the ground that it is premature.   When he served his notice of motion, he had the right to make it—more than this, it was his right to have it granted.   If, by the amendment, the issue had been so changed as to make it apparent that the defendant's witnesses would not be required upon the trial, the motion might be denied upon the merits.   Or, if the question were rendered doubtful or uncertain by the amendment, it might be proper to order the motion to stand over, for the purpose of allowing the moving party to serve new papers.   But, at any rate, as the amendment was not to prejudice the proceedings already had, the defendant was entitled to have the motion decided upon the merits.

In this case, as the only change made in the complaint by the amendment is the venue, it is obvious that the affidavit upon which the motion is founded is as applicable to the issue to be made upon the amended complaint, as it was to the issue as it existed when the affidavit was made.   The contrary is not pretended.   There is no reason, therefore, why the motion should not be granted.

An order must be entered in this, and the five other causes depending upon the same question, changing the place of trial from the county of Schenectady to the county of Schoharie. The costs of the motions are to abide the event of the actions.