Lawrence, J.
I think that the counsel for the defendant is right in his position that the cases cited by the learned counsel for the plaintiff do not apply, for the reason that those cases all arose under the. old Code, which did not require that the summons should specify the county in which the plaintiff desires the trial to be had. (See Code of Procedure, Wait’s edition, section 128, original section 107.)
Section 417 of the Code of Civil Procedure provides that the summons among other things must contain “ the name of the county in which the plaintiff desires trial.” It has been held that the provisions of this section in respect to the contents of the summons are mandatory, and that if the summons fails to specify the county wherein the plaintiff desires trial, it will be set aside on motion. (Osborn v. McCloskey, 55 How. Pr., 345.) By section 418 of the Code of Civil Procedure it is declared that “ the summons is deemed the mandate of the court.” An irregularity in the mandate of the court can be corrected by motion, but not ex parte by amendment. (Wallace v. Dimmick, 24 Hun, 635, 636.) The plaintiff could not therefore by amending his summons, as of course, change the place of trial from New York to Kings county. Section 542 of the present Code does not aid the plaintiff, as it applies only to pleadings.
As the defendant made bis demand within the proper time for a change of the place of trial to Erie county, it results that this motion must be granted, with $10 costs to abide the event..
*201 Note oh Change of Place of Trial.
In contrast with the provision of the present Code, section 128 of the old Code of Procedure, prescribing the requisites of a summons, contained no provision for a statement of the place of trial therein; but the only provision requiring it was contained in section 130, as to the requisites of a complaint, prescribing that where a copy of the complaint was not served with the summons, “the summons must state where the complaint is, or will be, filed.”
It was, therefore, held, under section 172 of the Code allowing pleadings to be once amended of course, that the plaintiff might, even after service of notice of motion to change the place of trial, amend his complaint within the time allowed for amendment of course, by changing the county designated as the place of trial, and that such amendment operated of itself to change the place of trial to the county designated in the amended complaint. Moulton v. Beecher, 1 Abb. N. C., 193, 235.
But as such amendment was required by section 172 to be “without prejudice to the proceedings already had,” it was held that it would not prevent the court from hearing the motion to change, noticed before the amendment, and making an order thereon changing the place of trial to a different county. Moulton v. Beecher, (above). See, also, Rector v. Ridgwood Ice Co., 38 Hun, 293.
But the Code of Civil Procedure, in prescribing the requisites of a summons, provided as follows:
Section 417. The summons must contain the title of the action, ' specifying the court in which the action is brought; the names of the parties to the actioiff and, if it is brought in the Supreme Court, the name of the county in which the plaintiff desires the trial.
And by section 418, it is declared that “the summons is deemed the mandate of the court.”
Section 481. The complaint must contain: 1. The title of the action, specifying the name of the ceurt in which it is brought; if it is brought in the Supreme Court, the name of the county, which the plaintiff designates as the place of trial;
Section 985. If the county, designated in the complaint, as the place of trial, is not the proper county, the action may notwithstanding be tried therein;• unless the place of trial is changed to the proper county, upon the demand of the defendant, followed by the consent of the plaintiff, or the order of the court.
The present Code thus makes the statement of the place of trial an essential part of the summons, although also required to be stated in the complaint; and the principle applied in the case in the text seems to be that no amendment as of course can be made of a complaint in any of the matters which are also made an essential part of the summons.
*202 It is well settled that the summons is not amendable of course, section 543 applying only to pleadings and not to process. Mapes v. Brown, 14 Abb. N. C., 94; Wallace v. Dimmick, 24 Hun, 635; Kneeland v. Martin, 2 Month. L. Bul., 56.
It would seem that section 481 means that the complaint must contain the place of trial designated in the summons, and not a different place, for the same reason that it should contain the title of the action found in the summons, and the names of the same parties, and not a different title or other parties. By the old practice the complaint was required to follow the summons, otherwise it was a departure or variance, and the complaint might be stricken out on motion. Graves v. Waite, 59 N. Y., 156; Blanchard v. Strait, 8 How. Pr., 83, and other cases cited in 10 U. S. Digest, 271; 5 Abbott's N. Y. Dig., 8, note.
The summons may be amended by leave of court. Weil v. Martin, 24 Hun, 645.