### McCosker *et al. v.* Smith.

*(Supreme Court, General Term, Third Department.* May 21, 1891.)

Change of Place of Trial—Amendment of Complaint.

 A complaint may be amended after service of answer, so as to change the place of trial as stated in the original complaint and summons.

Appeal from special term, Fulton county.

Action by David McCosker and George J. Molloy against Emanuel Smith. From an action allowing an amendment of the complaint defendant appeals.

Argued before Learned, P. J., and Landon and Mayham, JJ.

*Clark L. Jordan,* for appellant. *J. M. & H. Dudley, (H. W. Thorn,* of counsel,) for respondents.

Learned, P. J. The action was commenced by service of a summons and complaint. The summons stated that the trial was desired in Fulton county. The complaint named the same county, as the place of trial within due time. After service of an answer, the plaintiffs amended their complaint, making the same allegations as in the original complaint, though in different language, and naming the county of New York as the place of trial. The plaintiffs are residents of New York, and the action is on a promissory note. The county of New York is therefore a proper county. The defendant moved to set aside the amended complaint. The motion was denied and the defendant appeals. The language of the amended complaint is fuller than that of the original; and it would be unjust to deprive plaintiffs of the right to state the cause of action in such language as he prefers. But the real point made is that the plaintiff could not by such an amendment practically change the place of trial. It is decided in this department that the plaintiff may do this. *Rector v. Ice Co.,* 38 Hun, 293, affirmed 101 N. Y. 656. In that case the court held that such a change did not prejudice proceedings already had. And, inasmuch as a motion of defendant to change the place of trial to another county was pending when the amended complaint was served, such service did not defeat the making of the motion; but the right to serve such amended complaint was admitted. See, also, *Moulton v. Beecher,* 1 Abb. N. C. 235; *Stryker v. Bank,* 28 How. Pr. 20; *Toll v. Cromwell,* 12 How. Pr. 79. The same view is recognized in *Faherty v. Steam-Boat Line,* 43 Hun, 432, but the court held that the demand of defendant for a change of place of trial, made prior to the amended complaint, was not prejudiced by the amended complaint, and therefore defendant might follow up his demand by the usual motion. That case, therefore, accords with the decision of the special term in this case. In *Wadsworth v. Georger,* 18 Abb. N. C. 199, at special term, a view was taken apparently different, but really not entirely inconsistent with the decisions above cited, because in that case the amended complaint was served

after notice of motion to change the place of trial had been given by defendant. Therefore, as held in *Rector* v. *Ice Co.*, since the amended complaint was without prejudice to proceedings directly had, the motion should not be defeated thereby. We think, therefore, that the special term properly held that the complaint might be amended, as was done. Order affirmed, with $10 costs and printing disbursements. All concur.