(12 App. Div. 602.)

### FISHER v. OGDEN et al.

(Supreme Court, Appellate Division, Third Department. January 12, 1897.)

VENUE—COUNTY DESIGNATED BY SUMMONS—CHANGE BY COMPLAINT.

The statement of the complaint controls as to the place of trial, where an action was commenced by the service of a summons designating a certain county as that in which trial was desired, and the complaint subsequently served stated the venue as another county, since plaintiff may change his designation of the venue by amendment.

Appeal from trial term, Washington county.

Action by Frank Fisher against Levi Ogden and another. From an order denying his motion to strike the case from the calendar of the Washington county trial term, defendant Levi Ogden appeals. Reversed.

This action was commenced by the service of a summons without complaint. The summons stated that the trial was desired in Washington county. The defendants appeared by their attorney, who served a notice of retainer, and demand for a copy of the complaint. The complaint was thereafter served, but set forth the venue as Warren county. The defendants thereafter served their answer, which was entitled "Supreme Court, Warren County." Thereafter the cause was put upon the calendar of the September trial term in Washington county. The defendants moved to strike the cause from the calendar because the venue was in Warren county, and not in Washington county, which motion was denied.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

James H. Bain, for appellant.
A. V. Pratt (J. M. Whitman, of counsel), for respondent.

HERRICK, J.   It seems to me that, within the principle of the cases of Rector v. Ice Co., 38 Hun, 293, affirmed in 101 N. Y. 656; of McCosker v. Smith, 20 Civ. Proc. R. 324, 14 N. Y. Supp. 615, affirmed in 133 N. Y. 672, 31 N. E. 622; and of Faherty v. Boat Line, 43 Hun, 432,—the place designated in the complaint as the place of trial is controlling, and that therefore the motion to strike it from the calendar should have been granted.   It was insisted upon the argument of this appeal that the change here had been inadvertently made, but we must decide upon the record before us, however meager that may be.   All that we have before us is the summons, notice of retainer, the complaint and answer, the order denying the motion, the memorandum of the justice of his reasons for such denial, and the notice of appeal.   The order appealed from recites only the reading of the summons, notice of retainer, complaint, and answer,—nothing to show but what the change was deliberately and intentionally made by the plaintiff, and assented to by the defendants.   Service of the answer, entitled as above set forth, should have called the attention of the plaintiff's attorney to the change that had been made, if it was unwillingly made on his part.   Of course, the mere inadvertence of an attorney in naming a different place of trial in the complaint from that named in the summons should not be held to effect a change of the place of trial desired by him; but, if he does not desire such change to result in changing the place of trial, he should move promptly to correct his mistake, and not allow his adversary to act upon the assumption that the place of trial desired by him is as designated in the complaint.   Upon the record as it appears here, the venue of the action was in Warren county, and the case had no place on the calendar of the trial term in Washington county, and should have been stricken therefrom.

The order should be reversed, with $10 costs and disbursements, and the motion granted, without costs.   All concur.