# Cases

# SECOND DEPARTMENT

IN THE

## APPELLATE DIVISION,

### October, 1898.*

---

JOHN B. LORETZ, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Venue laid in a county in which neither party resided — on defendant's motion to change to the county of his residence it should not be changed to that of the plaintiff.*

On a motion by a defendant to change to the county in which he resides the venue of an action which has been laid in a county in which neither of the parties thereto resides, it is improper for the court to make an order, against the objection of the defendant's counsel, changing the place of trial to the county of the plaintiff's residence.

APPEAL by the defendant, the Metropolitan Street Railway Company, from an order of the Supreme Court, made at Kings County Special Term and entered in the office of the clerk of the county of Queens on the 12th day of August, 1898, changing the place of trial of the action from the county of Queens to the county of Kings.

*Charles R. La Rue,* for the appellant.

*Arthur C. Coffey,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff laid the venue of this action in Queens county, although he resided in Kings county, and the defendant corporation

---

* The other cases of this term will be found in volume 33 App. Div.—[REP.

APP. DIV.—VOL. XXXIV.      1

had its place of business and carried on business exclusively in the county of New York. The defendant made the necessary demand that the place of trial be changed to New York as the proper county, on the ground that neither of the parties resided in Queens; and upon the plaintiff's neglect to comply with the demand applied to the court to have the venue changed accordingly. The learned judge at Special Term denied the defendant's motion and made an order, against the wish of defendant's counsel, changing the place of trial to the county of Kings.

We have concluded that this order ought not to be allowed to stand. At the outset, the plaintiff had his choice as between the two proper counties in which to bring his action. These were Kings county, where he resided, and New York county, of which the defendant corporation was constructively a resident. The plaintiff chose to lay the venue in Queens county where it did not belong. The defendant then exercised the statutory right of demanding and moving that the place of trial be changed to New York as the proper county. The plaintiff should not be allowed to defeat this application by now consenting to try the case in the county where he lives. He elected not to try it there when he designated Queens county as the place of trial, and he should be held bound by that election, after the defendant has taken steps to have the venue changed to one of the two proper counties prescribed by the statute. Such was the rule applied in *Rector* v. *Ridgwood Ice Co.* (38 Hun, 293) where a plaintiff, who had laid the venue in a county in which neither party resided, was not permitted to change it to the county in which he lived by amending the summons and complaint, after the defendant corporation had given notice of a motion for a change to the county in which that corporation was located.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and defendant's motion granted, with ten dollars costs.