Abraham Goldstein, Respondent, *v.* Samuel Marx and Charles Jacobs, Appellants.

*Venue — the county named in the complaint determines the venue — when it, through inadvertence, differs from that named in the summons the plaintiff may promptly correct the error.*

Where the place of trial named in the summons and that named in the complaint are different, the county named in the complaint determines the venue of the action, but the mere inadvertence of an attorney in naming a different place of trial in the complaint from that named in the summons (which was the place he intended to name) will not effect a change in the place of trial, provided he moves promptly to correct the error and does not permit his adversary to act upon the assumption that the change was intentional.

Appeal by the defendants, Samuel Marx and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of April, 1902, denying the defendants' motion to compel the plaintiff to accept service of an order extending the defendants' time to answer or otherwise plead to the complaint.

*A. H. Parkhurst*, for the appellants.

*Eli S. Schreier*, for the respondent.

Order affirmed, with ten dollars costs and disbursements, on opinion of court below.

Present — Van Brunt, P. J., Patterson, McLaughlin and Laughlin, JJ.

The following is the opinion of Gildersleeve, J., delivered at Special Term :

Gildersleeve, J. :

The motion is to compel plaintiff to accept the service of an affidavit and order extending time of defendants to answer. The summons places the venue in Queens county, while the complaint

places it in New York county. The order was obtained in New York county. The defendants appeared in the action, and in their notice of appearance placed the venue in New York county. The plaintiff's attorney, upon receiving the notice of appearance, scratched out "New York county," as claimed by defendants, and replaced it by "Queens county" against the protest of defendants' attorney. Thereafter defendants' attorney notified plaintiff's attorney, informing him that the complaint was entitled New York county, and that defendants elected to have the action remain in New York county. Thereafter defendants obtained an order in New York county extending defendants' time to answer. This order was returned on the ground that the affidavit and order were not folioed as required by rule 19. The defendants thereupon make this motion in New York county to compel plaintiff to accept said affidavit and order. The plaintiff objects and asserts that the motion should not have been made in New York county because the venue of the action is Queens county. Section 769 of the Code provides that a motion, on notice, cannot be made in New York county in an action triable elsewhere. The rule is that where the place of trial named in the summons and that named in the complaint are different, the county named in the complaint determines the venue of the action. (*Fisher* v. *Ogden,* 12 App. Div. 602.) The plaintiff claims that it was a mere inadvertence in giving New York county in the complaint as the place of trial. The mere inadvertence of an attorney in naming a different place of trial in the complaint from that named in the summons will not be held to effect a change of the place of trial, provided he moves promptly in the matter to correct the error, and does not permit his adversary to act upon the assumption that the change was intentional. (*Fisher* v. *Ogden, supra.*) It appears that the attorney for plaintiff did notify defendants' attorney before the latter had acted upon the assumption that the venue was in New York county, except as to the notice of appearance, which was promptly corrected by plaintiff's attorney, according to defendants' evidence, and which plaintiff swears was already entitled "Queens county" by defendants' attorney himself. I incline to think that the venue is in Queens county, and that this motion cannot be made in New York county. Motion denied without prejudice.