(94 App. Div. 439.)

TOLHURST et al. v. HOWARD.

(Supreme Court, Appellate Division, First Department.   May 20, 1904.)

1. PLEADING—ANSWER—TIME FOR FILING.
    The time within which an answer was to be served under Code Civ. Proc. § 520, giving 20 days after the service of the summons for the service of an answer, is to be computed from the date of the actual service of summons, and not from the date of service as given in an admission of service, when the date in the admission was antedated through inadvertence.

2. PLEADING—ANSWER—WRONG TITLE—FAILURE TO OBJECT.
    Where a plaintiff, when returning defendant's answer, did not do so on the ground that it was entitled in the wrong county, such fact would not justify his refusal to receive it.

3. VENUE—PLACE OF TRIAL—DESIGNATION.
    Code Civ. Proc. § 417, provides that where an action is brought in the Supreme Court the summons must specify the county in which plaintiff desires trial; and section 481 provides that the complaint must, if the action is in the Supreme Court, specify the county which the plaintiff designates for trial.   A summons in an action in the Supreme Court stat-

ed that trial was desired in N. county, but the complaint, served later, designated V. county, and such complaint was retained by defendant after he had admitted service of it. *Held*, that the action was pending in V. county.

Appeal from Special Term, New York County.

Action by William H. Tolhurst and another against William S. Howard. Appeal by plaintiffs from an order vacating a judgment in his favor, and permitting defendant to serve an answer. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Warren McConihe, for appellants.
Daniel J. Cashin, for respondent.

INGRAHAM, J.   The action was brought to recover for work, labor, and services furnished by the plaintiffs to the defendant. The plaintiffs' attorney has an office in the city and county of New York. The summons was served upon the defendant in New York without a complaint; was indorsed, "Supreme Court, New York county," and contained the statement, "Trial desired in New York county." On January 9, 1904, the defendant appeared in the action, and demanded that a copy of the summons and complaint be served upon his attorney. That notice of appearance stated the action to be in New York county. In answer to this demand, the plaintiffs on January 15, 1904, served upon the defendant's attorney a copy of the complaint, entitled, "Supreme Court, Rensselaer county," and service of this complaint was admitted by the defendant's attorney. The complaint was retained by the defendant without objection. The admission of service was dated January 12, 1904. On February 3, 1904, no answer having been received, the plaintiffs entered judgment in Rensselaer county; but on February 5, 1904, the defendant's attorney served upon the plaintiffs' attorney a verified answer, which the plaintiffs' attorney on the same day returned on the ground that the time to answer had expired, whereupon the defendant made this motion in the county of New York to set aside the judgment, which the court granted, and permitted the defendant to re-serve the answer within five days after the entry of the order. From that order the plaintiffs appeal.

I think the answer was served in time. The defendant had, by the Code of Civil Procedure, 20 days after service of the complaint in which to serve his answer. Section 520 of the Code provides that "a copy of each pleading, subsequent to the complaint, must be served on the attorney for the adverse party, within twenty days after service of a copy of the preceding pleading." Section 1212 provides that if "the defendant has seasonably appeared, but has made default in pleading, the plaintiff must file proof of the service of the summons and of the appearance, or of the appearance only, and also proof by affidavit, of the default. Whereupon the clerk must enter final judgment in his favor." It is conceded that the answer was served within 20 days of the service of the complaint. The fact that the admission of service was antedated 3 days by inadvertence would not entitle the plaintiffs to enter judgment by default until 20 days after the actual service of

the complaint, as by the Code the defendant is given 20 days from the service of the complaint to answer.

The judgment in this action was entered in the county of Rensselaer. The motion to vacate that judgment was made in the county of New York. The plaintiffs claim that the action is pending in the county of Rensselaer, and that therefore this motion was improperly made in the county of New York, but must be made in the county in which the action is pending. The summons expressly stated that the action was to be tried in New York county. Therefore, when the action was brought, it was an action pending in the county of New York, and all subsequent proceedings in that action would have to be had in that county. The complaint, when served, was entitled in the county of Rensselaer, and the defendant's attorney admitted service of that complaint, and retained it without objection. The answer stated, as did the summons, that the action was in the county of New York. That answer was returned by the plaintiffs' attorney the same day on which it was served, for the reason that it was not served within the time required by law. The answer was not returned upon the ground that it was entitled in the wrong county, and that objection, not having been taken, cannot justify the plaintiffs in refusing to receive it.

If from these facts the action was pending in the county of New York, the motion to vacate the judgment was properly made here. If pending in Rensselaer county, the court below should not have entertained the motion. Code Civ. Proc. § 988. Section 417 of the Code provides that the summons must contain the title of the action; specifying the court in which the action is brought, the names of the parties to the action, and, if it is brought in the Supreme Court, the name of the county in which the plaintiff desires the trial. The summons in this case specified the county in which the plaintiffs desired the trial as the county of New York. Section 481 of the Code provides that the complaint must contain the title of the action; specifying the name of the court in which it is tried, and, if it is brought in the Supreme Court, the name of the county which the plaintiff designates as the place of trial. In the General Term of the Supreme Court it was held that where the summons and complaint, when originally served, named one county, and the plaintiff served an amended complaint, which designated another county, as the place of trial, the place of trial was changed to the county designated in the amended complaint. Rector v. Ridgewood Ice Co., 38 Hun, 293; McCosker v. Smith (Sup.) 14 N. Y. Supp. 615, affirmed on opinion below in 133 N. Y. 672, 31 N. E. 622. And these cases were followed by the Appellate Division in the Third Department in Fisher v. Ogden, 12 App. Div. 602, 43 N. Y. Supp. 111. In Goldstein v. Marx, 73 App. Div. 545, 77 N. Y. Supp. 956, it was held that a mere inadvertence in stating in a complaint a different county from that stated in the summons would not be held to change the place of trial, provided the plaintiff's attorney moved promptly in the matter to correct the error, so as not to permit his adversary to act upon the assumption that the change was intentional. This is not inconsistent with the other authorities cited, but it does not apply to this case, when the plaintiffs intended that the place of trial should be Rensselaer county, and the defendant's attorney ad-

mitted service of the complaint entitled in Rensselaer county, and retained it without objection. It would appear, therefore, that it is the settled practice that the service of a complaint subsequent to the service of the summons, stating a different place of trial from that stated in the summons, changes the place of trial to the county named in the complaint, and that thereafter the action is pending in the county named in the complaint, unless it appears that the insertion of the place of trial in the complaint was an inadvertence, and the plaintiff promptly takes steps to correct the error before the defendant has acted in reliance upon the change of place of trial.

It follows that this motion should have been made in the county in which the action is pending, namely, Rensselaer county; and for that reason the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, however, to renew the motion in the proper county.

O'BRIEN and LAUGHLIN, JJ., concur.

HATCH, J. I concur solely upon the ground that the place of trial named in the complaint controls the venue, and that the motion could not, therefore, be made in the county of New York. I also think that the date of admission of the service of the complaint was controlling, and enabled the plaintiff to act thereon; and, if the admission of service upon such date was inadvertent, the defendant was required to take affirmative action to be relieved therefrom.

McLAUGHLIN, J., concurs.