(99 App. Div. 303)

### BELL v. POLYMERO et al.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. VENUE—COMPLAINT—SUMMONS—INADVERTENCE.
    Where both parties act on the assumption that the county named in the summons is the place of trial, the mere fact that through inadvertence the county named in the complaint differs from that named in the summons does not change the place of trial.

2. SAME—ACTION FOR PENALTY—STATUTES—CONSTRUCTION.
    Code Civ. Proc. § 983, providing that an action to recover a penalty imposed by statute must be tried in the county where the cause of action arose, has no application to an action under Laws 1896, p. 329, c. 376, § 29, imposing a penalty for the unauthorized use and possession of milk cans, and ¦ ·oviding that the place of trial of an action therefor may be laid in the county where the owner of the milk cans resides.

3. SAME—MOTION TO CHANGE—PLACE OF FILING.
    Where an action is brought in the wrong county, the objection cannot be raised by motion in the county where the cause should have been brought.

Appeal from Special Term, New York County.

Action by Sidney Bell against Demetrius Polymero and another. From an order granting defendants' motion to compel plaintiff to accept notice, and fixing the place of trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Louis H. Levin, for appellant.
Albert W. Ransom, for respondents.

McLAUGHLIN, J. This action was brought to recover penalties provided for in section 29 of chapter 376, p. 329, of the Laws of 1896, for an alleged unauthorized use and possession of milk cans. It was commenced by the service of a copy of the summons, which stated that the place of trial was desired in Orange county. Subsequently the defendants appeared in the action and demanded a copy of the complaint. In the notice of appearance no county was named. In compliance with the demand a copy of the complaint was served, and the action was entitled "Supreme Court of the State of New York, County of New York." On the day following the service of a copy of the complaint, defendants' attorney served upon the plaintiff's attorney an affidavit and order requiring security for costs, both of which were entitled, "Supreme Court, Orange County." The order not having been complied with,

¶ 3. See Venue, vol. 48, Cent. Dig. § 93.

a motion was made to dismiss the complaint, and the affidavit used for that purpose, as well as the notice of motion, were entitled "Supreme Court, County of Orange," and the motion was made returnable at a Special Term held in the Second Judicial District. The motion resulted in an order excusing the plaintiff's default in serving the undertaking on payment of $10 costs, and requiring an undertaking to be served within a time named, and extending defendants' time to answer or demur until ten days after such undertaking had been given. In compliance with this order, an undertaking was given and filed with the clerk of Orange county, and a copy served, with notice of filing, upon the defendants' attorneys, which was entitled, "Supreme Court, Orange County." The defendants' attorneys served a notice of exception to the sureties, which was entitled, "Supreme Court," no county being named. Notice of justification of the sureties was served, in which venue was named as Orange county, and which stated that the sureties would justify before the county judge of that county at a time and place named, which they did, and the undertaking was approved and filed with the clerk of Orange county. Thereafter the defendants answered, in which the action was entitled, "Supreme Court," no county being named. The defendants then served their notice of trial, in which it was stated that the issues involved would be brought to trial in New York county. This notice was returned upon the ground that the action was not at issue in New York county. The defendants then made a motion to compel the plaintiff to accept the notice of trial, and fixing New York county as the place of trial. The motion resulted in an order requiring the acceptance of the notice of trial, and fixing New York county as the place of trial. It is from this order that the plaintiff appeals.

The learned justice sitting at Special Term, as appears from a memorandum handed down at the time the motion was decided, seems to have been of the opinion that the place of trial, while originally named in the summons as Orange county, was changed to the county of New York, inasmuch as that county was named in the complaint. If nothing else had appeared in the motion papers, his conclusion would have been correct. It seems to be settled that, where there is a difference between the summons and complaint as to the place of trial, the latter controls. To this effect are Rector v. Ridgewood Ice Co., 38 Hun, 293; McCosker v. Smith (Sup.) 14 N. Y. Supp. 615, s. c. affirmed 133 N. Y. 672, 31 N. E. 622. These cases were cited with approval in Fisher v. Ogden, 12 App. Div. 602, 43 N. Y. Supp. 111. But while this is the general rule, there is a well-recognized exception to it; and that is, where it appears that the county named in the complaint as the place of trial is different from that named in the summons, and such act was merely an inadvertence, then the place of trial is not changed, provided the plaintiff's attorney moves promptly in the matter to correct the error, so as not to permit his adversary to presume the change was intentional. To this effect is Goldstein v. Marx, 73 App. Div. 545, 77 N. Y. Supp. 956, and Tolhurst v. Howard, 94 App. Div. 439, 88 N. Y. Supp. 235.

The rule and the exception are stated by Mr. Justice Ingraham in the last case cited as follows:

"It would appear, therefore, that it is the settled practice that the service of a complaint subsequent to the service of the summons, stating a different place of trial from that stated in the summons, changes the place of trial to the county named in the complaint, and that thereafter the action is pending in the county named in the complaint, unless it appears that the insertion of the place of trial in the complaint was an inadvertence, and the plaintiff promptly takes steps to correct the error before the defendant has acted in reliance upon the change of place of trial."

Here, upon the facts above stated, it is apparent that the defendants' attorneys were not misled, but they acted upon the assumption that the naming of a different county in the complaint from that specified in the summons was an act of inadvertence, and was not intended to change the place of trial. All the proceedings taken by both parties in the action after the service of the complaint were in Orange county, or in the Second Judicial District, including the motion to dismiss the complaint for plaintiff's failure to give the undertaking required, and which resulted in imposing upon him, for defendants' attorney's benefit, the payment of $10 costs, which presumably they accepted, inasmuch as the terms of the order were subsequently complied with. Both parties having recognized and acted upon the assumption that New York county was not the place of trial, we do not think the mere fact that such county was named in the complaint changed the place of trial. On the contrary, it brought the case under the exception to the rule above alluded to, and did not require, after defendants' subsequent proceedings in the action, that the plaintiff should take any steps to correct the error which had been made by reason of his attorney's inadvertence.

It is also suggested that, the action being to recover a penalty, New York county is the proper place for the trial, under section 983 of the Code of Civil Procedure, but there is no force in the suggestion. This section does not apply to an action of this character. The section of the statute under which the action is brought provides that the place of trial may be laid in the county where the owner of the milk cans resides at the time of the commencement thereof. Here the owner of the milk cans, as appears, resides in Orange county; and, in addition to this, if the defendants' attorney entertained the idea that Orange county is not the proper county for the trial of the action, then a motion should be made in that county, or in the Second Judicial District, and not in the county of New York, to change the same.

For these reasons, it seems to me the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.