### BARBERA v. QUITTNER.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

VENUE (§ 55*)—CHANGE BY AMENDMENT OF PLEADINGS.

Where plaintiff in the summons and original complaint specified as the place of trial a county in which neither he nor the defendant resided, he could not by an amendment of the complaint change the place of trial to the county in which he resided, while a motion by defendant was pending to change the venue to the county of defendant's residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 81–83; Dec. Dig. § 55.*]

Appeal from Special Term, Queens County.

Action by Joseph Barbera against Edward Quittner. From an order changing the place of trial from Queens County to New York County, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

L. F. Fish, of New York City, for appellant.

Joseph Quittner, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. When this action was commenced, the plaintiff resided in the county of Kings and the defendant in the county of New York. The venue was laid in the county of Queens. The defendant served a demand that the place of trial be changed to New York county, with his answer, and, the demand not having been complied with, he served a notice of motion to change the place of trial to the county of New York. Thereafter plaintiff served an amended complaint, by which he has attempted to change the venue by designating Kings county as the place of trial. This amended complaint was returned. Upon the return of the motion the learned court at Special Term made an order changing the place of trial to New York county.

The precise question presented is whether a plaintiff may by amending his complaint deprive the court of jurisdiction to hear and determine a pending motion to change the place of trial from the county named in the summons and original complaint to the county in which one of the parties resided when the action was commenced. The pleadings are not printed in the record, but it is made to appear from the papers read on the motion that the action is upon a lease of real property situate in the county of New York.

It is contended that the plaintiff had the right to change the place of trial by an amended complaint, and he relies upon Tolhurst v. Howard, 94 App. Div. 439, 88 N. Y. Supp. 235, as sustaining his contention. In that case the summons was first served, New York county was designated as the place of trial, and in the complaint subsequently served Rensselaer county was named as the place of trial. The complaint was retained by defendant without objection, and the court held that the service of a complaint following the service of a summons stating a different place of trial from that stated in the summons changes the place of trial to the county named in the complaint, unless it appears that the change was an inadvertence and the plaintiff promptly takes steps to correct the error. This same rule is declared in several later cases, but in each case the summons when served was not accompanied by a complaint, nor was the pleading returned. I think the case under consideration is distinguishable from those cited, and is within the rule declared in Faherty v. Schuyler Tow-boat Line, 43 Hun, 432, and Wadsworth v. Georger, 18 Abb. N. C. 199. See Rector v. Ridgwood Ice Co., 38 Hun, 293; affirmed, 101 N. Y. 656.

The plaintiff might have designated the county of his residence (Kings) as the place of trial, but after defendant's objection, and while a motion was pending to change the venue to the county in which defendant resided, he could not compel a change of the place of trial to the county of his residence. Loretz v. Met. St. R. Co., 34 App. Div. 1, 53 N. Y. Supp. 1059; Ferrin v. Huxley, 94 App. Div. 211, 87 N. Y. Supp. 1005; Giegerick v. Kuhnla, 129 App. Div. 919, 114 N. Y. Supp. 1128. Such an attempt was intended to prejudice the pending motion, and cannot be given effect. Section 542, Code of Civil Procedure; Rector v. Ridgwood Ice Co., supra.

The order must be affirmed, with $10 costs and disbursements. All concur.