Clarence J. Henry, J.
The above actions arose out of an automobile collision occurring in Columbia County (where the defendants reside) on May 11,1962, and were commenced by the service of summonses on June 4, 1962. The plaintiffs reside in Genesee County, but venue was laid in Monroe County. The defendants duly appeared in the actions and following service of the complaints upon their attorneys on October 9, 1962, a demand, pursuant to rule 146 of the Rules of Civil Practice was served on the plaintiffs’ attorneys — on October 26, 1962 — for a change of the place of trial from Monroe County to Columbia County. No consent or affidavit having been forthcoming within five days thereafter, the defendants’ attorneys within the fol *70 lowing 10 days (on Nov. 9, 1962) served a notice of motion seeking an order directing the desired change as of right. The motion was returnable before the Special Term, Supreme Court, Monroe County, on November 14, 1962, but for reasons not apparent was adjourned to December 4,1962.
Prior to the adjourned date, on November 29, 1962, attorneys for the plaintiffs served a notice of cross motion, seeking an order changing the place of trial from Monroe County to Genesee County on the ground of convenience of witnesses. The cross motion was made returnable on December 4, 1962, before the same Special Term to which the motion of the defendants had been adjourned.
On the latter date the plaintiffs’ attorneys submitted, in addition to their cross-motion papers, an affidavit indicating that “ within twenty days after the service of the notice of (defendants’) motion”, amended summonses and complaints with the venue placed in Genesee County had been served upon the defendants. Submitted copies of the new process show they were served on or after November 28,1962.
The latter move of the plaintiffs is of questionable validity. It may serve to corroborate in some measure the plaintiffs’ claim that the venue was laid in Monroe County through inadvertence, but it has been held that when, following an unanswered demand, the defendant serves a notice of motion to change the place of trial to the defendant’s proper county the plaintiff cannot then affect the motion by amending the place of trial in the complaint (Loretz v. Metropolitan St. Ry. Co., 34 App. Div. 1; Barbera v. Quittner, 154 App. Div. 322).
However that may be, it is felt that the plaintiffs’ cross motion herein to change the place of trial from Monroe County to Genesee County should be granted.
Under rule 146, after service of a demand by the defendant, the plaintiff has the opportunity of showing by affidavit that the defendant’s county is not a proper county under section 182 of the Civil Practice Act, or that the county selected in the summons and complaint is a proper county. There is no provision in the rule whereby the plaintiff can seek change to his own proper county, should it be a different county from that in which the venue has been originally laid. Thus, where the plaintiff has made an improper selection of county — through inadvertence or otherwise — he would be powerless to contest the action being removed to the defendant’s county (if a proper one) were it not for the provisions of section 117 of the Civil Practice Act. This section grants the right to cross motions, and has been held to apply to motions for change of venue (Behrman v. Pioneer Pearl *71 Button Co., 190 App. Div. 843). Under it there have been decisions holding that a cross motion to retain the venue in an originally selected improper county may be granted, as a matter of discretion, where convenience of witnesses or the interests of justice require it. (Civ. Prac. Act, § 187; Beaudrias v. City of New York, 259 App. Div. 719; Commercial State Bank & Trust Co. v. Ritz, 4 A D 2d 674; Levine v. City of Port Jervis, 15 Misc 2d 574.)
If the court’s discretion runs to the extent of retaining jurisdiction in an improper county for the convenience of witnesses or in the interests of justice, there is scant danger of juridical offense, it would seem, in concluding that it also runs to the extent of granting an uncontroverted cross motion of plaintiffs who seek to change the place of trial to a county which is at once their own proper county and, from the submitted affidavits, better suited to the convenience of much the larger number of parties and other material witnesses. Despite a dearth of direct authority for this conclusion, its support derives from the inclusion of both its grounds — proper county and convenience of witnesses — among those set forth in section 187 of the Civil Practice Act.
The motion of the defendants to change the place of trial to Columbia County is denied.
The motion of the plaintiffs to change the place of trial to Genesee County is granted.