## CHAPMAN v. GEORGE R. READ & CO.

(Supreme Court, Appellate Division, First Department.   February 2, 1912.)

1. MOTIONS (§ 5*)—JOINDER OF DIFFERENT GROUNDS IN ALTERNATIVE.

Under Code Civ. Proc. § 768, as amended by Laws 1911, c. 763, which provides that a party may in the notice of a motion specify one or more kinds of relief in the alternative, and that the adverse party may by notice served on the attorney for the moving party specify any kind or kinds of relief in the alternative or otherwise to which he claims to be entitled, whether the relief be responsive or not, the intention of the Legislature was clearly to enable both parties to demand relief by motion for hearing at the same time, thus minimizing practice motions and saving the time of the courts and expense to litigants, so that a motion for judgment on the pleadings and to vacate an order for the examination of the defendant before trial was not improper as combining demands for relief of a different nature.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 4; Dec. Dig. § 5.*]

2. BROKERS (§ 29*)—LIABILITY TO PRINCIPAL—FAILURE TO ACT.

A real estate broker, which had entire charge of the renting of offices in a building, is liable to a tenant for a failure to obtain a subtenant for offices vacated by the tenant, upon a representation by the broker that it would obtain the subtenant in consideration of such vacation and upon an agreement by the tenant to pay a commission therefor.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 22; Dec. Dig. § 29.*]

3. DISCOVERY (§ 49*)—SCOPE.

In an action against a corporation on a contract made by one of its officers, an order for the examination of the officer who made the contract, to determine his authority to act for the corporation, was proper.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig. § 49.*]

4. DISCOVERY (§ 61*)—MOTION—SCOPE—DUTY OF COURT TO LIMIT.

Where, in an action on a contract made with a corporation, there was a motion to vacate in toto an order for the examination of defendant by two of its officers, the court properly limited the examination to the officer with whom the contract was made.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. § 61.*]

Appeal from Appellate Term.

Action by Charles McC. Chapman against George R. Read & Co. From an order denying a motion for judgment on the pleadings and to vacate in toto an order for the examination of the defendant before trial, defendant appeals.   Affirmed.

See, also, 133 N. Y. Supp. 281.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis Lowenstein, for appellant.
E. Crosby Kindleberger, for respondent.

LAUGHLIN, J.   [1] The learned justice of the City Court was of the opinion that it was improper to combine in a single motion on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

application for judgment on the pleadings or, in the alternative, to vacate the order for the examination of the defendant; but he was also of the opinion that the motion should be denied on the merits. The respondent seeks to sustain the determination on the ground that the motion was unauthorized for the reason that it combined demands for relief of a different nature, depending on different facts and circumstances wholly unrelated. We are of opinion that the practice is authorized by section 768 of the Code of Civil Procedure as amended by chapter 763 of the Laws of 1911. That section, so far as material to the question now under consideration, is as follows:

"The party making a motion may, in the notice thereof, specify one or more kinds of relief in the alternative or otherwise, and the adverse party must, where at least eight days' notice of the motion shall be given, at least one day prior to the time at which the motion is noticed to be heard, serve upon the attorney for the moving party copies of the affidavits and papers which he expects to read in opposition to the motion; he may, at least three days prior to the time at which the motion is noticed to be heard, serve upon the attorney for the moving party a notice, with or without affidavits or other papers in support thereof, specifying any kind or kinds of relief in the alternative or otherwise to which he claims to be entitled in the action whether the relief so asked for be responsive or not to the relief asked for by the moving party."

This legislative enactment should receive a liberal construction to accomplish the purpose intended. It is quite clear that the purpose of the Legislature was to enable not only a moving party, but a party against whom a motion is made, to demand such relief as, on the facts presented, he deems himself to be entitled to at the time; and thus minimize practice motions and both save time to the courts and expense to litigants.

[2] The appellant contends that its motion for judgment on the pleadings should have been granted upon the ground that the complaint fails to state a cause of action. The theory of the appellant is that the complaint shows that it was employed by the plaintiff as a real estate broker to sublet an office, of which it held the lease, at 60 Wall street, and that by virtue of such employment a broker does not become liable to obtain a tenant at any and all events, and that as no tenant was obtained, and no facts showing negligence alleged, although negligence is charged, there is no cause of action. We are of opinion, however, that the plaintiff sufficiently alleges an absolute undertaking on the part of the defendant, which had entire and exclusive charge of renting the offices in the building in question, to obtain a subtenant on the terms set forth, for the remainder of plaintiff's term to a tenant which it represented that it had obtained in consideration of the immediate surrender of the office by plaintiff and an agreement on his part to pay it a commission, and that relying thereon he vacated the offices and surrendered possession. On this theory the complaint clearly states a cause of action, and substantial damages are pleaded.

[3, 4] The appellant also contends that its motion to vacate the order for the examination of two officers of the defendant, which was granted as to one of the officers upon the theory that the examination of one alone would suffice, should have been granted in toto. The

defendant is a corporation. The plaintiff shows that the agreement upon which he bases his action was made by him with one W. H. Class, Jr., whom he understood to be the defendant's authorized agent. It is manifest that the examination of an officer of the defendant is essential to plaintiff to show the authority of Class to negotiate the contract. The learned trial justice properly limited the examination to one of the officers of the defendant, which is the practice approved by this court in such case. Solar Baking Powder Co. v. Royal Baking Powder Co., 128 App. Div. 553, 112 N. Y. Supp. 1013.

It follows that the determination of the Appellate Term should be affirmed, with costs. All concur.