(87 Misc. Rep. 18)

## MAGEE v. BEACH et al.

(Supreme Court, Special Term, Cayuga County. September, 1914.)

1. VENUE (§ 58*)—CHANGE OF VENUE—STAY OF PROCEEDINGS.

　　General Rules of Practice, rule 48, relative to stay of proceedings for the purpose of moving to change the place of trial, does not apply where a motion to change the place of trial pursuant to Code Civ. Proc. § 987, is made on the ground that the county designated for trial is not the proper county, and not on the grounds mentioned in the second and third subdivisions of such section.

　　[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 88–90; Dec. Dig. § 58.*]

2. VENUE (§ 28*)—PLACE OF TRIAL—"RESIDENT."

　　The fact that letters of administration were issued to plaintiff in a certain county did not make her a "resident" of that county, within the meaning of Code Civ. Proc. § 984, specifying what actions must be tried in the county in which one of the parties resides, unless neither party resides in the state, in which case it may be tried in any county.

　　[Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*

　　For other definitions, see Words and Phrases, First and Second Series, Resident.]

　　Action by Edyth I. Magee, as administratrix with will annexed of John H. Beach, deceased, against Calvin Burr Beach and others. On motion by defendants to change the place of trial. Motion granted.

　　C. W. Andrews, of Syracuse (G. Barrows, of Skaneateles, of counsel), for plaintiff.

　　Gannon, Seibert & Riggs, of New York City, for defendants Emily Beach Condon and Elizabeth Ten Eyck Beach.

　　CROUCH, J. [1] Plaintiff objects to the moving papers, on the ground that they do not conform to rule 48. Notwithstanding that the language of the rule itself makes no exception, and that certain works on practice state in substance that the rule must be complied with, whatever may be the principal ground of the motion for a change, I am of the opinion that this rule does not apply to cases where the motion is made upon the ground that the county designated for the purpose of trial is not the proper county.

　　Down to 1910, when rule 48 was amended, the law and the practice were well settled. The amendment to the rule was not adopted at that time for the purpose of avoiding circuity and to enable one judge to pass upon the whole question, but rather, as I understand, to reconcile and to make uniform the practice on motions to change the place of trial for the reasons specified in subdivisions 2 and 3 of section 987 of the Code. Prior to that time there had existed under the decisions of different departments varying requirements as to the contents of the moving papers. The rule was intended to affect only that condition. The existing practice, circuitous and expensive as it is, can under our present system be changed only by statute.

　　[2] The fact that letters were issued to plaintiff in Cayuga county

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

does not make her a resident of that county, within the meaning of section 984 of the Code.

The motion is granted, with $10 costs.

Motion granted.