(95 Misc. Rep. 717)

## BUXBAUM v. PAULSEN.

(Supreme Court, Special Term, Greene County.   May 29, 1916.)

1. VENUE &w=>46—JURISDICTION—PLACE OF TRIAL.

The question of the proper county in which to commence an action in the Supreme Court is not a jurisdictional question, but the jurisdiction of the court in a county other than the proper county may be invoked, and provision is made for the removal of the cause if the court so determine.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 68; Dec. Dig. &w=>46.]

2. VENUE &w=>52(1)—CHANGE—CONVENIENCE OF WITNESSES.

Under Code Civ. Proc. § 987, providing for change of the place of trial from the proper county to another county, where there is reason to believe that an impartial trial cannot be had in the proper county, or the convenience of witnesses and the ends of justice will be promoted by the change, and Code Civ. Proc. § 768, as amended, providing for the service of answering affidavits on the hearing of a motion and for the granting of affirmative relief to the adverse party, where an action for causing death is brought in the county where the cause of action arose, though both parties resided in another county in another judicial district, where the convenience of witnesses and the ends of justice will be promoted by a trial in the county where the cause of action arose, a motion for change of the place of trial to the county where the parties reside may be denied.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. &w=>52(1).]

Action by Isidor Buxbaum, as administrator of the estate of Anna Louise Kroll, deceased, against Henry Paulsen.   On motion by defendant to change the place of trial from Greene county to. Kings county as the proper place for trial.   Denied.

Osborn, Bloodgood & Wilbur, of Catskill (F. H. Osborn, of Catskill, of counsel), for plaintiff.

Leonidas Dennis, of New York City (Almond D. Fisk, of New York City, of counsel), for defendant.

RUDD, J.   Both parties are residents of Kings county.   The accident resulting in the death of plaintiff's intestate, which gives rise to this action, occurred in the county of Greene.   The action is brought to recover damages because of the alleged negligence of the defendant, which resulted in the injury causing the death of plaintiff's intestate.   The defendant moves to change the place of trial, as above stated, on the ground that both parties resided in Kings county at the time of the commencement of the action.

From the papers submitted upon this motion the court must determine that the convenience of witnesses would be best served by having trial in the county of Greene.   Starting with that determination, the question is whether, under the provisions of the Code, the motion of the defendant should here be granted because the parties are residents of Kings county, irrespective of the conclusion with reference to where the action should be tried, having in mind the convenience of witnesses.   Formerly a party could not prevent the change of the place of trial to the proper county for the reason that the ends of justice would be promoted by having the trial else-

where. There has, however, been a recent amendment to section 768 of the Code of Civil Procedure to which the court's attention is called, and the contention is here made by the plaintiff that that amendment enables the court upon this motion to decide practically all of the questions involved in the motion for the change of place of trial, and determine in which county the trial should be had, irrespective of the fact that Kings is the proper county when only the question of the residences of the parties at the time of the commencement of the action is taken into consideration.

[1] The defendant contends that the plaintiff had no right to bring the action in Greene county, that the question involved is jurisdictional, and that the defendant has a right to have the cause of action tried in the proper county; that therefore the court upon this motion must change the place of trial from Greene to Kings county, after which, within the judicial district within which Kings is located, a motion can be made by plaintiff for the removal of the cause from Kings county to that county where the convenience of witnesses would be served and the ends of justice promoted. The court does not believe that the question is jurisdictional. Kings county is the proper county in which the action should have been brought; but it can hardly be said that the plaintiff had no right to bring it elsewhere. The plaintiff could invoke the processes of the court in a county other than Kings, and then provision is made for the removal of the cause if the court so determine.

[2] The defendant contends that no Special Term within the third judicial district can be permitted to make an order which will permit the place of trial to remain in Greene county, because that order can only be made by a court sitting in the judicial district which includes Kings county. Section 987 of the Code provides for changing the place of trial. Such place of trial can be changed from the proper county to another county for one of two reasons:

(1) "Where there is reason to believe, that an impartial trial cannot be had in the proper county."

That is, in the county where the parties have a right to bring their action.

(2) "Where the convenience of witnesses, and the ends of justice, will be promoted by the change."

That provision of the Code modifies and renders elastic those sections of the Code requiring that certain actions "must be tried" in a specified county. The courts have for years followed the determination laid down in Veeder v. Baker, 83 N. Y. 156, where it was determined that the right of a party to have the trial had in the proper county could not be defeated upon a motion by showing that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial. If that doctrine is still in force, it controls this motion.

There is a constantly growing and developing theory in the law, and in the rules controlling the procedure, and in the provisions of the Code, with a view of simplification. The effort is constantly being made to prevent multiplicity of actions and also multiplicity of

motions. Many motions made in the courts are entirely and absolutely unnecessary to be made. The motives back of many motions which are made are questionable. The effort is to prevent the delay resulting from unnecessary motions, which always results, however the motion may be determined, in a certain amount of unnecessary delay. Efforts are being made to have all the facts presented at the earliest possible moment and with the least number of motions addressed to the court. The tendency is also towards frankness in statements of facts, in order that the court and the parties each and all may be advised of what there is which properly should be given weight and possibly should be governing and controlling.

This, as the court understands, was one object of the enactment of the amendment to section 768 of the Code of Civil Procedure. This section of the Code provides for the service of answering affidavits before the hearing of the notion, and it provides for the granting of affirmative relief to the adverse party. It provides that:

The adverse party "must, where at least eight days' notice of the motion shall be given, at least one day prior to the time at which the motion is noticed to be heard, serve upon the attorney for the moving party copies of the affidavits and papers which he expects to read in opposition to the motion; he may, at least three days prior to the time at which the motion is noticed to be heard, serve upon the attorney for the moving party a notice, with or without affidavits or other papers in support thereof, specifying *any kind or kinds of relief* in the alternative or otherwise to which he claims to be entitled in the action whether the relief so asked for be responsive or not to the relief asked for by the moving party."

Rule 37, since the amendment, also provides for the service of answering affidavits on a motion. The court, referring to amended section 768 has said in Chapman v. Read, 149 App. Div. 52, 133 N. Y. Supp. 625:

"This legislative enactment should receive a liberal construction to accomplish the purpose intended. It is quite clear that the purpose of the Legislature was to enable, not only a moving party, but a party against whom a motion is made, to demand such relief, as, on the facts presented, he deems himself to be entitled to at the time, and thus minimize practice motions, and both save time to the courts and expense to litigants."

This was a unanimous determination of the Appellate Division in the First Department, affirming a similar determination of the Appellate Term. The question comes up squarely in this motion. The plaintiff has served his answering affidavits. He asks for the trial of the issue in Greene county on the ground of the convenience of witnesses and because justice would thereby be promoted. This court is of the opinion that Greene county, where the action arose, is the county in which, having in mind the convenience of witnesses and the promotion of justice, the trial should be had, and the question might as well be determined now as at some later time. It may be that this court is not as well able to reach a proper conclusion as to where justice requires this trial to be as would be the Special Term in Kings county; but, believing that the amendment to section 768 of the Code means something, and being of the firm conviction that justice demands the earliest possible determination of such questions with the least friction and with the greatest amount

of simplicity in the methods of practice, this court reaches the conclusion that the motion of the defendant to change the place of trial from the county of Greene to the county of Kings should be denied.

An order may be made denying defendant's motion and granting the motion of the plaintiff that the place of trial of this issue remain where the venue is now laid, in the county of Greene, on the ground that Greene county would best serve the convenience of witnesses who are necessary and material in the trial of the issue, and that justice would thereby be promoted.

The order may provide for $10 costs of the motion to the plaintiff, to abide the event of the trial.