MacArthur Bros. Co. *v.* City of New York. 591

Misc.] Supreme Court, November, 1917.

---

MacArthur Brothers Company and James O. Winston and Thomas S. Winston, Plaintiffs, *v.* The City of New York, Defendant.

(Supreme Court, Ulster Special Term, November, 1917.)

Venue — when motion for change of, denied — actions — witnesses — Code Civ. Pro. § 768.

Where, in an action against the city of New York, defendant moves under section 262 of the Greater New York Charter for a change of venue from Ulster county to New York county, plaintiffs, under section 768 of the Code of Civil Procedure, as amended in 1911, may oppose such motion by pleading the convenience of witnesses and asking that the place of trial be not

changed, and, where it appears that a greater number of necessary and material witnesses reside in Ulster county than in New York county, defendant's motion will be denied and plaintiffs' granted.

Motion to change venue.

A. T. Clearwater, for plaintiffs.

Lamar Hardy, Corporation Counsel, for defendant.

Hasbrouck, J.   MacArthur Brothers Company and James O. Winston and Thomas S. Winston have brought an action against the city of New York, involving the performance of the contract for the construction of the Ashokan reservoir and covering items growing out of alleged arbitrary determinations of value, pretended certifications by engineers and out of delay in acquiring the right of way of the Ulster and Delaware Railroad Company by the defendant, etc., to recover the sum of $1,220,580.92.   The venue of the action is laid in the county of Ulster, and the defendant has moved to change it to the county of New York. The motion is based upon the provisions of section 262 of the Greater New York Charter: "All actions wherein The City of New York is made a party defendant shall be tried in that county within The City of New York in which the cause of action arose, or in the county of New York, subject to the power of the court to change the place of trial in the cases provided by law."

It is not questioned that the venue of an action against the city of New York, though fixed by statute, is still subject to change for the convenience of witnesses and to promote the ends of justice.   In the section above quoted that power is reserved.   The plaintiffs, relying upon such reservation in the statute, have

answered the motion to change the venue from Ulster county to New York county by moving that the venue be held in Ulster county.  The original motion came up in the Ulster Special Term of October sixth, and was adjourned to October twentieth to enable the parties to submit affidavits and memoranda and to overcome the objection that the plaintiffs had not three days before the motion day specified the relief they sought.  The law is well settled that prior to 1911 the practice was under the language of section 268 to order the change of the venue.  This forced a plaintiff to move in the county of New York to change the place of trial to another county in cases where it was permitted by law so to do.  In brief the defendant claims the plaintiffs should be compelled to move in the county of New York to change the place on the ground of the convenience of witnesses.  The plaintiffs oppose such claim and contend that the Code of Civil Procedure was amended in 1911 to permit them to oppose such motion by pleading the convenience of witnesses and asking that because thereof the place of trial be not changed.  The language of the amendment of section 768 of the Code in part is as follows: " He (the opposing attorney) may, at least three days prior to the time at which the motion is noticed to be heard, serve upon the attorney for the moving party a notice, with or without affidavits or other papers in support thereof, specifying any kind or kinds of relief in the alternative or otherwise to which he claims to be entitled in the action whether the relief so asked for be responsive or not to the relief asked for by the moving party."

The foregoing provision has been interpreted in a recent opinion of Mr. Justice Rudd and with his interpretation and the reasons he assigns, I am in accord. *Buxbaum* v. *Paulsen,* 95 Misc. Rep. 717.

38

The plaintiffs show a greater number of material and necessary witnesses residing in Ulster county than defendant shows residing in New York county. It is apparent that the convenience of witnesses would be served by retaining the place of trial in Ulster county. A speedier trial might be anticipated therein and the ends of justice promoted.

Motion to change the place of trial is denied and that to retain it in Ulster county is granted, with ten dollars costs to the plaintiffs to abide the event.

Ordered accordingly.