MacARTHUR BROTHERS COMPANY and Others, Respondents,
v. THE CITY OF NEW YORK, Appellant.

Third Department, March 15, 1918.

**Venue — motion to change trial to county of New York — convenience of witnesses — order denying change of venue reversed.**

Appeal from an order denying the defendant's motion to change the place of trial from the county of Ulster to the county of New York because of the convenience of witnesses, to which change the defendant is entitled under section 262 of the Greater New York charter. Moving papers examined, and *held*, that the order denying the defendant's motion should be reversed in that the affidavits do not disclose the issues involved, or make it possible for the court to determine whether the convenience of witnesses and the ends of justice require that the trial be had in Ulster county.

APPEAL by the defendant, The City of New York, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Ulster on the 13th day of November, 1917, denying its motion to change the place of trial from the county of Ulster to the county of New York and granting the plaintiffs' motion to retain the venue in Ulster county.

*William P. Burr, Corporation Counsel* [*Terence Farley* and *James P. O'Connor* of counsel], for the appellant.

*A. T. Clearwater*, for the respondents.

Per Curiam:

Upon the case made by the defendant's moving papers it was entitled to an order changing the place of trial to the county of New York. (Greater N. Y. Charter, § 262.) The plaintiffs attempted to meet the motion by a counter-motion to retain the trial in Ulster county, on the ground of convenience of witnesses. There is nothing in the affidavits filed by either party showing what the issue is, and it is conceded that no answer has been served. The plaintiffs' affidavits allege that certain witnesses are necessary as to certain subjects. The defendant's counter-affidavits allege that certain witnesses are necessary for it upon those subjects. Neither side shows in particular what the witnesses named will swear to. The plaintiffs' witnesses and the defendant's witnesses may agree upon many, possibly all of the subjects. From the entire record we are unable to determine whether or not the convenience of witnesses and the ends of justice require that the trial be had in Ulster county. We are not passing upon the question whether a motion to change the place of trial can be made before answer served; we are only holding that in this case it does not appear what the issues will be, or the materiality of the testimony of most of the witnesses named. The order appealed from should be reversed, with ten dollars costs and printing disbursements, and the defendant's motion granted, with ten dollars costs, without prejudice to the plaintiffs' right to move for a change of venue from New York to Ulster county.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to the plaintiffs' right to move for change of venue from New York to Ulster county.