## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### January 16, 1920.

## THE PEOPLE v. SAMUEL RUDOWSKY.

### (190 App. Div. 483.)

GRAND LARCENY—EVIDENCE—CONSPIRACY TO CONVICT.

Judgment convicting the defendant of the crime of grand larceny in the first degree reversed and a new trial granted because the only proof of the defendant's guilt consisted in the fact that he stood near the complainant in a subway car at the time the complainant alleges the money was taken from him and because no satisfactory reason was given for the alleged fact that the complainant had carried in his pocket a sum of over $1,000 in money from Friday until the following Monday which, under the circumstances, was highly improbable.

As the statements sworn to on the motion for a new trial tend to show a conspiracy to obtain a conviction of the defendant the district attorney is advised to make a thorough investigation of the subject.

APPEAL by the defendant, Samuel Rudowsky, from a judgment of the Court of General Sessions of the Peace in and for the County of New York, entered in the office of the clerk of the said court on the 2d day of August, 1918, convicting him of the crime of grand larceny in the first degree, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial and in arrest of judgment.

*Charles G. F. Wahle* of counsel (*Wahle & Kringel,* attorneys), for the appellant.

*Felix C. Benvenga* of counsel (*Edward Swann,* District Attorney), for the respondent.

PHILBIN, J.:

This is an appeal from a conviction of grand larceny in the first degree.    It was claimed by the prosecution that the

defendant feloniously abstracted the sum of $1,150 from the pocket of the complainant.

The proof was wholly inadequate to establish defendant's guilt. Neither the complainant nor his wife was able to swear that defendant had taken the money. The most that they could say was that the defendant stood next to the complainant in the subway car from One Hundred and Tenth street to One Hundred and Sixteenth street; that the defendant had a grip or valise and pushed complainant with it. Neither saw the defendant put his hand into complainant's pocket. The prosecution relied upon the testimony of the complainant that he had the money when he got on the train at One Hundred and Tenth street and missed it at One Hundred and Sixteenth street, and asks that the inference be drawn that defendant took it. The circumstances relating to the possession of the money by complainant before the alleged loss are so unlikely as to suggest grave doubt as to whether he really did have it on his person as claimed. There was no reason given why he should have had the money with him at the time. He was then on the way to see a friend and it was not shown that any transaction with the latter was contemplated. Why the complainant should carry over $1,000 in his pocket from Friday till Monday is not satisfactorily explained. The story is highly improbable.

The conclusion reached makes it unnecessary to pass upon the affidavits submitted by the defendant on the motion for a new trial, for in this case the reversal of the judgment of conviction necessarily carries with it a reversal of the order denying said motion. However, we feel called upon to say that the statements sworn to on the application and which tend to show a conspiracy to obtain a conviction of the defendant are most serious and should be made the subject of thorough investigation by the district attorney.

The judgment and order should be reversed and a new trial granted.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment and order reversed and a new trial ordered. Settle order on notice.