HERMAN BEHRMAN, Respondent, *v.* PIONEER PEARL BUTTON COMPANY, Appellant.

First Department, March 5, 1920.

Trial — place of trial — motion by defendant to change place of trial on ground that action brought in wrong county — right of plaintiff to make cross-motion to retain place of trial in county where action brought on ground of convenience of witnesses.

Where the defendant has moved for a change of the place of trial on the ground that the action was brought in a county other than the one in which the plaintiff resides or the defendant has its principal place of business, the plaintiff may make a cross-motion under section 768 of the Code of Civil Procedure, as amended, to have the place of trial retained in the county where the action was brought on the ground that the convenience of witnesses and the ends of justice will be promoted thereby.

The facts shown by the plaintiff not having been controverted by the defendant, which stood on what it erroneously deemed to be its absolute right to have its original motion granted, the plaintiff's motion was properly granted.

APPEAL by the defendant, Pioneer Pearl Button Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of November, 1919, denying defendant's motion to change the place of trial to Dutchess county, and granting plaintiff's motion to retain the case in the county of New York on the ground of the convenience of witnesses.

*Raymond E. Aldrich,* for the appellant.

*Asa B. Kellogg* of counsel [*Kellogg & Rose,* attorneys], for the respondent.

DOWLING, J.:

Plaintiff has brought this action to recover commissions and bonus alleged to be due him under contracts whereby defendant employed him as a salesman. In the summons New York county was designated as the place of trial. Defendant thereupon served a demand that the place of trial be changed to Dutchess county upon two grounds: 1. That the county of New York, designated in the complaint as the place for the

trial of this action, is not the proper county, and that the proper county is the county of Dutchess. 2. That the convenience of witnesses and the ends of justice will be promoted by the change. Thereafter defendant moved for an order changing the place of trial to the county of Dutchess, upon the ground that the county of New York was not the proper place for the trial of the action, but that Dutchess county was the place where the trial should be had. In support of the motion, defendant presented affidavits showing that plaintiff was an actual resident of the borough of Brooklyn, in the county of Kings, and that defendant was a domestic corporation having its principal place of business in the city of Poughkeepsie, in the county of Dutchess, State of New York. The notice of motion was dated October 27, 1919, and it was returnable on November 17, 1919.

On November 8, 1919, plaintiff served a cross notice of motion on defendant as follows:

" You will please take notice that upon all the proceedings heretofore had herein and upon the affidavits of Herman Behrman and Asa B. Kellogg, each verified the 8th day of November, 1919, we shall move this Court upon the argument of the motion for a change of venue made by the defendant and returnable on the 17th day of November, 1919, at Special Term, Part 1, of this Court, for an order retaining the place of trial in New York county, on the ground that the convenience of witnesses and the ends of justice will be promoted thereby."

In support of this cross-motion, plaintiff presented affidavits showing that defendant had an office for the transaction of business in the borough of Manhattan, city and county of New York in charge of a resident manager; and that plaintiff had seven necessary and material witnesses residing in or near the county of New York. Defendant did not seek to show that the trial should be had in Dutchess county for the convenience of witnesses, but stood upon the proposition that it had an absolute right to a change of venue to Dutchess county, since neither party resided in New York county and defendant had its principal place of business in Dutchess county. It claimed that plaintiff could not defeat defendant's right to a change of the place of trial by any cross-motion.

The practice down to 1911 was as claimed by defendant.

Thus in *Veeder* v. *Baker* (83 N. Y. 156) the court said: " But we are of the opinion that the defendant's right to have the place of trial changed was an absolute right, and that his motion to secure that right could not be defeated by showing that the convenience of witnesses and the ends of justice would be promoted by retaining the place of trial in St. Lawrence county. The defendant, in such a case, has the right to move for the change solely upon the ground that the proper county for the trial is not stated in the complaint, and if he can be met on the motion by affidavits showing that an impartial trial cannot be had in the county to which he demands the change, or that the convenience of witnesses and the ends of justice will be promoted by refusing the change, he may be taken by surprise and cannot be prepared to meet such affidavits. Hence the orderly and regular practice is to order the change upon defendant's motion, and then, if the plaintiff desires a change to any other county, on the grounds stated in the last two specifications of section 987, he must make his motion upon affidavits which the defendant can be prepared to meet. Authority is given in that section not to retain a place of trial, but to change the place of trial."

To the same effect are *Acker* v. *Leland* (96 N. Y. 383); *Mills & Gibb* v. *Starin* (119 App. Div. 336); *Lageza* v. *Chelsea Fibre Mills* (135 id. 731); *Finch School* v. *Finch* (144 id. 687).

But in 1911 (Laws of 1911, chap. 763) section 768 of the Code of Civil Procedure was amended so as to provide that " * * * The party making a motion may, in the notice thereof, specify one or more kinds of relief in the alternative or otherwise, and the adverse party must, where at least eight days' notice of the motion shall be given, at least one day prior to the time at which the motion is noticed to be heard, serve upon the attorney for the moving party copies of the affidavits and papers which he expects to read in opposition to the motion; he may, at least three days prior to the time at which the motion is noticed to be heard, serve upon the attorney for the moving party a notice, with or without affidavits or other papers in support thereof, specifying any kind or kinds of relief in the alternative or otherwise to which he claims to be entitled in the action whether the relief so asked for be responsive or not to the relief asked for by the moving party." Plaintiff's cross-motion

was made under these provisions of section 768, and it was properly made.

The very purpose of the amendment was to avoid a multiplicity of motions and to enable the court to dispose on a single hearing of all motions relative to the action. (See *Bald* v. *Kuhnert,* 166 N. Y. Supp. 84; *Buxbaum* v. *Paulsen,* 95 Misc. Rep. 717.) In *MacArthur Brothers Co.* v. *City of New York* (101 Misc. Rep. 591; revd., 182 App. Div. 640) the order retaining the trial in Ulster county was reversed, but on the ground that no answer had been served and it could not be determined from the record whether the convenience of witnesses or the interests of justice required that the place of trial should be retained in Ulster county. There was a cross-motion made by plaintiff in that case and it is clear that the procedure was recognized as correct, and the order would have been affirmed had plaintiff furnished sufficient proof of what the issues were and where the convenience of the material and necessary witnesses required the trial to be had.

The cases decided since 1911 relied on by defendant are not in point. In *Upjohn* v. *First Methodist Episcopal Church Society* (156 App. Div. 147) the motion to change the place of trial was originally made by plaintiffs, because neither plaintiff resided in New York county, where the venue was laid, but one of them did reside in Queens county, to which plaintiffs moved to change the place of trial. A cross-motion was made by defendant three days later to transfer the trial to Cortland county, both because it was the proper county and because the convenience of witnesses required the transfer. This court held that the defendant's motion should have been granted on both grounds.

Defendant also cites *General Baking Company* v. *Daniell* (181 App. Div. 501); *Roberts* v. *Roberts* (Id. 886) and *Goldfeder* v. *Greenberg* (189 id. 184). These were all motions by defendants to change the place of trial upon the ground that neither party resided in the county where the venue was laid, and that it should be changed, therefore, to the county wherein defendant resided. In none of these cases did plaintiffs make a cross-motion under section 768 of the Code of Civil Procedure. Instead, they simply presented affidavits in opposition to defendant's motion, tending to show that the con-

venience of witnesses required that the venue be retained in the county where it was originally laid. They could not defeat defendant's application by opposing affidavits alone. Such affidavits, to be available to secure a retention of the original place of trial, must be offered in support of a cross-motion to that end.

In the present case the plaintiff complied with the requirements of section 768 by duly making a cross-motion, and his motion was properly granted, the facts shown by him not having been controverted by defendant, which stood upon what it deemed its absolute right to have its original motion granted. In view of the apparent conflict in some of the decisions, we think defendant should have an opportunity to ·meet the issue as to where the convenience of witnesses can best be served by a trial.

The order appealed from will be affirmed, with ten dollars costs and disbursements, but without prejudice to an application by defendant, if it so desires, to reopen the question of which county, New York or Dutchess, will be the better place to hold the trial of the action, in order to serve the convenience of the witnesses.

CLARKE, P. J., LAUGHLIN, MERRELL and PHILBIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, without prejudice to application by defendant to change place of trial on the ground of the convenience of witnesses.