JAMES C. DAYTON, as Executor, etc., of KATE McCALLUM PAGE, Deceased, Respondent, *v.* GRACE G. FARMER, Appellant.

Fourth Department, March 31, 1922.

**Trial — place of trial of action by executor against non-resident — venue changed under Civil Practice Act, § 187, subd. 1, from Erie county to New York county — New York proper county under Civil Practice Act, § 182, as plaintiff resided there and defendant was non-resident of State.**

Under sections 182 and 187, subdivision 1, of the Civil Practice Act, the place of trial of an action by an executor should be changed from Erie county to New York county, where the plaintiff actually resides in New York county and the defendant is a resident of the State of New Jersey, although the will of which the plaintiff is executor, after being admitted to probate in Florida, was recorded and established in the Surrogate's Court of Erie county and ancillary letters testamentary thereon issued to plaintiff.

APPEAL by the defendant, Grace G. Farmer, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 5th day of January, 1922, denying her motion to change the place of trial from the county of Erie to the county of New York.

*Thomas R. Wheeler,* for the appellant.

*Simon Fleischmann* [*Martin Clark* of counsel], for the respondent.

47

SEARS, J.:

The defendant moved to change the place of trial under section 187, subdivision 1, of the Civil Practice Act, from Erie county to New York county on the ground that Erie county was not the proper county for the trial of the action under the provisions of section 182 of the Civil Practice Act. The motion was denied and from the order denying the motion the defendant has appealed.

Previous to the making of the motion the defendant had served a copy of the demand for a change of venue to New York county upon the plaintiff.

The personal residence of the plaintiff is in New York county. The last will and testament of Kate McCallum Page was originally admitted to probate in a court of the State of Florida and later her will was recorded and established in the Surrogate's Court of Erie county and ancillary letters testamentary thereon were issued to the plaintiff. The defendant is a resident of the State of New Jersey.

The plaintiff contends: (1) That he is a resident of Erie county within the meaning of section 182 of the Civil Practice Act because the letters testamentary were issued to him in Erie county; and (2) that the defendant, being a non-resident of the State of New York, is not entitled to compel the change of the place of trial to New York county even though the plaintiff be held a resident of that county.

The first of these contentions is contrary to the authorities. It is the actual personal residence which controls. (*Magee* v. *Beach*, 87 Misc. Rep. 18; affd., 165 App. Div. 949; *Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315.)

The second contention is contrary to the plain language of section 182 of the Civil Practice Act. There is force in the argument that the defendant being a non-resident is not interested in the particular county where the issues are to be tried. Such view could easily have been embodied in the statute by slight changes if such had been the legislative intention. The language of the section as it stands is too definite to permit a construction in accordance with the plaintiff's claim.

The motion changing the place of trial from Erie county to New York county as the proper county should, therefore, have been granted.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.