Order denying defendant's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Young and Kapper, JJ., concur.

JAMES J. O'BRIEN, Respondent, v. WALTER B. LASHAR, Appellant, Impleaded with PERCY P. ANDERSON, Defendant. (Appeal No. 1.) — Order denying motion to vacate service of summons affirmed, with ten dollars costs and disbursements. We think that under Civil Practice Act, section 236, the plaintiff had a right to appear in person and sign the summons. That section provides that " Wherever in a statute or rule relating to the conduct of an action a reference is made to an attorney for a party it shall be deemed to include a party prosecuting or defending in person unless otherwise specially prescribed therein or unless that construction is manifestly repugnant to the context." The interpretation sought to be placed upon Civil Practice Rule 45 by the appellant seems to be inconsistent with section 236. The Civil Practice Rules must conform to the Civil Practice Act. (Laws of 1920, chap. 902, as amd. by Laws of 1921, chap. 370.)* Kelly, P. J., Kelby and Kapper, JJ., concur; Jaycox and Young, JJ., dissent, being of opinion that the summons must be signed by an attorney at law.

JAMES J. O'BRIEN, Respondent, v. WALTER B. LASHER, Appellant, Impleaded with ARTHUR M. MARSH and Others, Defendants. (Appeal No. 2.) — Order denying motion to vacate service of summons affirmed, with ten dollars costs and disbursements. We think that under Civil Practice Act, section 236, the plaintiff had a right to appear in person and sign the summons. That section provides that " Wherever in a statute or rule relating to the conduct of an action a reference is made to an attorney for a party it shall be deemed to include a party prosecuting or defending in person unless otherwise specially prescribed therein or unless that construction is manifestly repugnant to the context." The interpretation sought to be placed upon Civil Practice Rule 45 by the appellant seems to be inconsistent with section 236. The Civil Practice Rules must conform to the Civil Practice Act. (Laws of 1920, chap. 902, as amd. by Laws of 1921, chap. 370.)* Kelly, P. J., Kelby and Kapper, JJ., concur; Jaycox and Young, JJ., dissent, being of opinion that the summons must be signed by an attorney at law.

HENRY O. POND, Respondent, v. EDWIN B. CADWELL, Appellant. (Appeal No. 1.) — Order denying motion to change place of trial from Queens county to New York county reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The action was brought by plaintiff, a resident of the State of New Jersey, against the defendant, a resident of the county of New York, upon a written contract made in the county of New York and to be performed in that county. As to the additional defendants brought in on plaintiff's motion, one of them resides in New York county, and the others are non-residents. No party to the action resides in Queens county. Defendant was entitled to the change of trial demanded. (Civ. Prac. Act, §§ 182–187; *Dayton* v. *Farmer*, 200 App. Div. 737; *Goldfeder* v. *Greenberg*, 189 id. 184; *Levey* v. *Payne*, 200 id. 30; *Kleinrock* v. *Nantex Manufacturing Co.*, 201 id. 236.) Kelly, P. J., Jaycox, Kelby and Young, JJ., concur.

HENRY O. POND, Respondent, v. EDWIN B. CADWELL, Appellant. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. The place

* See Laws of 1922, chap. 249.— [REP.