JESSIE WATERWORTH, Plaintiff, *v.* JOHN R. FRANZ, Defendant.

SAM WATERWORTH, Plaintiff, *v.* JOHN R. FRANZ, Defendant.

Supreme Court, Onondaga County, February 21, 1933.

SAM WATERWORTH, as Administrator, etc., of MARGARET WATERWORTH, Deceased, Plaintiff, *v.* JOHN R. FRANZ, Defendant.

Supreme Court, Madison County, February 21, 1933.

*Oliver D. Burden* and *Russell E. Harrington*, for the plaintiffs.

*Alfonse F. Spiegel* [*Max Stolz* of counsel], for the defendant.

LEWIS, EDMUND H., J.   These actions in negligence involve an automobile accident which occurred in Madison county, N. Y. The plaintiffs Jessie Waterworth and Sam Waterworth reside in the State of Michigan where the decedent, Margaret Waterworth, resided at the time of her death.   Letters of administration have been issued in the State of Michigan upon the estate of Margaret

Waterworth, ancillary letters having been thereafter issued in Madison county, N. Y.

The defendant, who resides in Queens county, N. Y., moves to change the place of trial in each of these actions, under section 187, subdivision 1, of the Civil Practice Act, from the counties in which the venues are laid to Queens county as the proper county.

Cross-motions are made by the plaintiffs in the actions brought by Jessie Waterworth and Sam Waterworth to change the place of trial from Onondaga county to Madison county for convenience of witnesses.

In the action brought by Sam Waterworth, as administrator of the decedent Margaret Waterworth, the plaintiff contends that despite the fact that decedent died a resident of the State of Michigan, the issuance by the Surrogate's Court of Madison county of ancillary letters of administration upon her estate gives the administrator a residence within Madison county under section 182 of the Civil Practice Act for the purpose of designating that county as the place of trial.

Prior to 1924 the rule prevailed that personal residence controlled the venue of an action brought by the personal representative of the decedent's estate — not the county where letters or ancillary letters of administration had been issued. (*Dayton* v. *Farmer*, 200 App. Div. 737 [4th Dept. 1922]; *Magee* v. *Beach*, 87 Misc. 18; affd., 165 App. Div. 949; *Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315.) However, by chapter 160 of the Laws of 1924 (effective April 17, 1924) a new provision was added to section 182 of the Civil Practice Act: " An executor or administrator shall be deemed a resident of the county of his appointment, as well as the county in which he actually resides." This latter statutory rule is now effective and accordingly entitles the plaintiff Sam Waterworth, as administrator of the goods, chattels and credits of Margaret Waterworth, deceased, to fix the venue in his action against the defendant John R. Franz in Madison county where ancillary letters letters were issued to him.

In the actions of Jessie Waterworth and Sam Waterworth (individually) against the defendant the venue was laid in Onondaga county through a clerical error and is concededly incorrect. The defendant moves to change the venue to Queens county (his residence) as the proper county. By cross-motion each plaintiff applies for an order changing the venue to Madison county, where the accident occurred, for the convenience of witnesses. Upon the record before the court the plaintiffs have justified a change of venue to Madison county for the convenience of witnesses. The only question is whether upon the defendant's motion to change the

venue in these two actions to the proper county under section 187, subdivision 1, of the Civil Practice Act, the court can consider plaintiffs' cross-motions to change the venue to Madison county for the convenience of witnesses.

In the opinion in *Culver* v. *Union National Bank* (212 App. Div. 766) the following statement by Mr. Justice KELLOGG is made which supports the defendant's contention: " On a motion to change the place of trial to the proper county the convenience of witnesses may not be considered. It may be considered, after the change has been made, upon a motion to return the case to the original county, even though that county is one wherein none of the parties reside." This statement quoted was not decisive in the determination of the appeal and accordingly is *obiter dictum*.

If the rule as stated in the *Culver* case prevails in the cases at bar it would follow that the defendant must succeed upon his motion and the venue will be changed to Queens county as the proper county. Thereupon plaintiffs in each case are entitled to move to change the venue from Queens county to Madison county for the convenience of witnesses.. (Civ. Prac. Act, § 187, subd. 3.)

To so dispose of these motions would require of each party the additional and unnecessary expense incidental to reaching by a circuitous route an end which can be reached directly. It would also disregard the amendment to section 768 of the Code of Civil Procedure (Laws of 1911, chap. 763), now section 117 of the Civil Practice Act, which made provision for cross-motions by the adverse party. As to that amendment Mr. Justice VICTOR J. DOWLING, writing for the Appellate Division, First Department, in a case involving the rule now under discussion, states: " The very purpose of the amendment (Chap. 763, Laws of 1911) was to avoid a multiplicity of motions and to enable the court to dispose on a single hearing of all motions relative to the action." (*Behrman* v. *Pioneer Pearl Button Co.*, 190 App. Div. 843, 846.)

Efficiency in legal procedure may well avoid circuity and favor directness where the rights of litigants are not prejudiced. Directness of procedure in the cases at bar does not prejudice the defendant's rights. His motions. which concern themselves with changing the venue to the proper county, have been heard upon their merits. At the same time the merits of the plaintiffs' cross-motions, stressing the convenience of witnesses, have been heard. As a result I have reached the conclusion that while, in the first instance, the venue of the actions brought by Jessie Waterworth and Sam Waterworth against the defendant should be laid in Queens county as the proper county, nevertheless the convenience of a substantial majority of material witnesses to be called by both

parties will be served by fixing the venue in these actions in Madison county where the accident occurred.

I find support for such a disposition of these motions in Carmody's New York Practice (Vol. 4, § 1161, p. 2624): "Until 1911, the defendant's right to have the place of trial changed to the proper county, was an absolute right, and his motion to secure that right could not be defeated by showing that the convenience of witnesses and the ends of justice would be promoted by retaining the place of trial in the county named in the complaint, or that an impartial trial could not be had in the county to which it was sought to change the venue. The ordinary practice at that time was to order the change upon the defendant's motion, and if the plaintiff desired a change to any other county on a ground specified by statute, he had to make a new motion therefor. But in 1911, cross-motions were authorized by statute, and now, upon a motion by the defendant to change the place of trial to a proper county, the plaintiff may make a cross-motion for an order retaining the place of trial in the county named, on the ground that the convenience of witnesses and the ends of justice will be promoted thereby, or other proper ground. However, upon a motion by the defendant to change the place of trial to the proper county, where no such cross-motion is made, the plaintiff will not be permitted to read affidavits tending to show that the convenience of witnesses requires that the venue be retained in the county where the venue was originally laid." It will be noted that the author lays proper emphasis upon the necessity of a cross-motion by the adverse party. Such cross-motions by the plaintiffs are before the court upon these applications.

In further support of the rule I have chosen to follow I cite the statement by Mr. Justice PHILBIN in writing for the Appellate Division, First Department, in *Hudson County Consumers' Brewing Co.* v. *Odell* (190 App. Div. 866, 868): "The court pursuant to section 987 [Code of Civil Procedure] may refuse to allow a trial to take place in what would otherwise be the proper county if the plaintiff duly makes a cross-motion [Code Civ. Proc. § 768], and it has reason to believe that * * * the convenience of witnesses * * * would be promoted by the denial of the motion."

Defendant's motions to change the place of trial of each of the above-captioned actions to Queens county as the proper county are denied.

Plaintiffs' cross-motions to change the place of trial of the actions of Jessie Waterworth and Sam Waterworth against John R. Franz from Onondaga county to Madison county for the convenience of witnesses are granted.

No motion costs are awarded.

Orders accordingly.