NICOLA DeSALVO, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Judgment of the City Court of Yonkers unanimously affirmed, with costs. Findings seventh and tenth are stricken out on the ground that they are not supported by the evidence. We are of the opinion that the defendant failed to prove that the assured was attended by a physician for any ailment of consequence during the five years preceding the application, and that no false representation was proven in connection with the answer given to question 18. (*Jenkins v. John Hancock Mut. Life Ins. Co.*, 257 N. Y. 289; *Nowak v. Brotherhood of American Yeomen*, 249 id. 78, 83.) Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

DOUGLASS BUILDING CORPORATION, Respondent, v. VILLAGE LANE BUILDERS, INC., and EDWARD C. ABEL, Appellants.— Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Tompkins and Davis, JJ.

MARTIN FIELD, Respondent, v. LAKE GROVE REALTY Co., INC., a Domestic Corporation, Appellant, Impleaded with CHARLES FIELD and FANNY FIELD, Respondents, and Others, Defendants.— Order appealed from reversed on the law, with ten dollars costs and disbursements, and motion to strike out the amended answer and counterclaim of the appellant, pursuant to rules 103 and 104 of the Rules of Civil Practice, and for judgment for the relief demanded in the complaint, denied, with ten dollars costs. In our opinion, there are issues of fact presented by the amended answer and counterclaim that should be determined at a trial and not disposed of on affidavits. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

JAMES F. FLYNN, Respondent, v. EDWIN L. MURPHY, Appellant. EDWARD F. MURPHY, Respondent, v. EDWIN L. MURPHY, Appellant.— Order denying motion to change place of trial from the county of Dutchess to the county of Queens and order granting motion to retain the place of trial in the county of Dutchess affirmed, with ten dollars costs and disbursements. (Civ. Prac. Act, § 117; *Behrman v. Pioneer Pearl Button Co.*, 190 App. Div. 843, 845.) Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.