JOHN V. W. REYNDERS, Plaintiff, v. JOSEPH PATERNO and Another, Defendants.

CLARE CHARLTON REYNDERS, Plaintiff, v. JOSEPH PATERNO and Another, Defendants.

Supreme Court, Franklin County, December 26, 1933.

*F. Ferris Hewitt,* for the plaintiffs.

*Bigham, Englar, Jones & Houston* [*Isham & Isham* of counsel], for the defendants.

LAWRENCE, J. A similar motion was before me in actions between the same parties. That motion was decided in part on the authority of *Culver* v. *Union National Bank* (212 App. Div. 766). A careful examination of that case leads me to believe that the precise question raised here was not decided in that case.

Plaintiffs reside in New York county. Defendants reside in Bronx county. In 1911 the Code of Civil Procedure was amended by what is now section 117 of the Civil Practice Act. Cross-motions are now commonly instituted for the purpose of retaining the place of trial for convenience of witnesses. As I understand the practice in this district, dispositions of such motions are made on the authority of *Behrman* v. *Pioneer Pearl Button Company* (190 App. Div. 843, 846).

If the rule referred to in the *Culver* case is to prevail in all cases of this character, then it would be necessary to grant the motion for change to Bronx county, and then for the court to grant another separate motion for a return of the case to Franklin county, made after the decision in the first motion, if the convenience of witnesses made that proper. This would make it necessary for the court to hear two motions to accomplish what might be determined in one motion, and unnecessarily limit the object and purpose of the cross-motion. I cannot see any reason why both motions should not be considered on the merits at the same time. In my judgment that is a wise course. (*Behrman* v. *Pioneer Pearl Button Co.*, 190 App. Div. 483; *Tarbell* v. *Banks*, 195 id. 918, affg. the trial court opinion, which is not reported; *Ackerman* v. *Cummiskey*, 236 id. 519; *Warren* v. *Boehm*, Id. 601, in which no cross-motion was made; *Waterworth* v. *Franz*, 146 Misc. 668, and cases cited.)

Considering the questions presented by the cross-motion, it may be said that the witnesses, stated by the plaintiff to be material, are more than might be necessary, yet it cannot be said that their evidence would be immaterial, and the plaintiff would have the right to have them present at the trial.

The cause of action arose in Franklin county, and the action could doubtless be sooner disposed of there. The question of the consolidation of these actions with another action now pending in Franklin county, and which grows out of the same state of facts, can be disposed of at the time of trial. In my judgment they should be tried together.

Motion to change the place of trial to Bronx county is, therefore, denied. Cross-motion to retain the action in Franklin county is granted, with ten dollars costs.