Aboet Steueb, J.
Defendants move for a change of venue to Orange County. As one of the defendants is a city in Orange County and the others are police officers of that city, the right to transfer the case is absolute (Civ. Prac. Act, § 182-a).
Plaintiffs, however, cross-move to retain the venue here on the grounds that a fair trial cannot be had in Orange County and that the convenience of witnesses would best be served by a trial here. The second ground is without merit. If trial is had in Orange County, plaintiff and his witnesses will doubtless be inconvenienced. If trial is held here the same will apply to defendants. No balance in favor of plaintiff is shown, nor are any impartial witnesses involved. As plaintiff’s application is really one to change the venue back to this county, the grounds should be sufficient to warrant a change of venue. In this case the convenience of witnesses has not been shown to be such a ground.
The evidence as regards a fair trial is somewhat more substantial. The incidents out of which plaintiffs’ claims arose were reported in the local press. Every report states as fact the version of the incidents for which defendants contend. Furthermore, the plaintiff was arrested and pleaded guilty to a criminal charge. The remarks of the Magistrate, who is also the Corporation Counsel for the defendant city, were extensively reported. The difficulties of an objective viewpoint by one who serves in a dual capacity were unfortunately illustrated.
Defendants do not deny the prejudicial nature of these articles. They do claim that they will have no effect on the trial. It is pointed out that the newspapers in which the articles were published have a local circulation, not extending throughout the county. An attempt is made to show that only a small number of talesmen on any panel would come from the area in which these newspapers circulate, but either from mistake or ingenuousness the proper figures from which the conclusion could be drawn are not given.
Findings of local prejudice on the basis of newspaper articles are becoming quite rare as the waning influence of newspapers is more generally recognized. In large cities experience shows that there is little difficulty in obtaining jurors entirely free from any such influence. Of course, only one familiar with the local situation could say whether this is true in any other community. But such claims should be examined with some minuteness. In the instant case one of the articles is featured by the announcement that this case is being defended by an *576 insurance company. Surely, this is a factor which would go a long way toward destroying any prejudice in favor of the local defendants.
Motion granted, cross motion denied.