■ JUDITH A. MERRILL, Respondent, v. CITY OF NEW YORK, Appellant.— Appeal from an order of the Supreme Court at Special Term in Broome County which denied defendant's motion under section 182-b of the Civil Practice Act to change from Broome County to New York County the place of trial of an action to recover for personal injuries allegedly sustained by plaintiff while a passenger upon defendant city's ferryboat. Defendant had an absolute right

to the transfer (*Levine* v. *City of Port Jervis*, 15 Misc 2d 574, affd. 11 A D 2d 1016) unless plaintiff sufficiently demonstrated, upon her cross motion, that the convenience of material witnesses would be promoted by retention of the venue in Broome County (*McDaniels* v. *Doubleday*, 241 App. Div. 51; 6 Carmody-Wait, New York Practice, § 46, pp. 146–147). Upon the argument here, there was some dispute as to whether plaintiff's cross motion was before the Special Term, but we will assume *arguendo* that it was. Plaintiff's proof referred to a resident of Broome County, said to be the only eyewitness to the accident, and to three physicians, all residents of Broome County; but is fatally defective in, among other things, failing to disclose the facts to which the witnesses will testify and to demonstrate the materiality thereof to plaintiff's case, and in omitting to show merits generally. (See 74 A. L. R. 2d 64, § 11, and New York cases cited; 6 Carmody-Wait, New York Practice, § 45, pp. 143–146, and cases cited; Tripp, A Guide to Motion Practice [rev. ed.], p. 55, and cases cited.) While it may be assumed that the testimony of eyewitnesses and treating physicians will always be relevant in accident cases, it does not necessarily follow that the evidence will be material to the prosecution of the movant's cause of action or that the movant intends to call all such witnesses named in the motion papers. (Cf. *Condon* v. *Schwenk*, 10 A D 2d 822.) While defendant's motion must, therefore, be granted, plaintiff should not be foreclosed of opportunity to move for removal of the venue to Broome County upon adequate affidavits. (Cf. *Laduke* v. *Bond*, 284 App. Div. 859, 860; *MacArthur Bros. Co.* v. *City of New York*, 182 App. Div. 640.) Order reversed and defendant's motion granted and plaintiff's cross motion denied, without prejudice to a new motion by plaintiff, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.