## (August 14, 1978)

■ ARPIAR CHETEYAN, Respondent, v COMPTROLLER OF THE STATE OF NEW YORK, Appellant, and COMPTROLLER OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding, *inter alia,* pursuant to article 19 of the Real Property Actions and Proceedings Law to discharge a mortgage of record, the Comptroller of the State of New York appeals from so much of a judgment of the Supreme Court, Queens County, entered February 3, 1977, as directed him to pay petitioner the sum of $600 held by him as abandoned property arising out of a condemnation. Judgment affirmed insofar as appealed from, without costs or disbursements. On December 2, 1944 the petitioner purchased premises at 145 Beach 81 Street in Queens County. On November 1, 1959 the City of New York took title to this property as part of a slum clearance condemnation. The city caused a title search to be made and petitioner was determined to be the owner of the damage parcel. At

that time it appeared there was an outstanding deed of the property, recorded June 25, 1925, from prior owners named Moritz Klein and Becky Klein to one Max Heller, which had been recorded as a mortgage and which recited that it had been given as "collateral security for payment of a promissory note for Three Hundred ($300.00) Dollars" due on July 15, 1925. Because petitioner could not produce a satisfaction piece for this encumbrance, the city withheld double the amount of the lien from the condemnation award of $14,215.55. On or about October 17, 1962 the city paid $13,615.55 to petitioner. The remaining $600 was held by the Comptroller of the *City* of New York for five years, at which time it was paid to the Comptroller of the State of New York pursuant to article 10 of the Abandoned Property Law (Abandoned Property Law, § 1000 *et seq.).* Petitioner applied to the State Comptroller for recovery of the $600. By letter dated August 27, 1976, the State Comptroller's office returned the application stating it was "insufficient" because it did not contain (1) a copy of the deed to petitioner, (2) a guaranteed "abstract company" search of the title to the condemned premises beginning with a warranty deed more than 40 years prior to the vesting of petitioner's title, (3) a certified copy of the map of the damage parcel and (4) proof that the mortgage lien had been satisfied. Petitioner then commenced this proceeding to discharge the ancient mortgage, alleging in his petition that it would cost more to comply with the State Comptroller's requirements than the funds on deposit. Accordingly, he requested that the court, in addition to discharging the mortgage, direct the State Comptroller to release the funds on deposit. Special Term granted all of the relief requested and the State Comptroller has appealed from so much of the judgment as directed him to make payment. Thus we start with the fact that the only impediment which the City Comptroller found to prevent payment of the entire condemnation award, the outstanding mortgage, has now been discharged. It is our view that under the circumstances of this case, Special Term was correct in exercising its ancillary equitable powers to direct the State Comptroller to make payment of the funds on deposit. The State Comptroller's contention that petitioner has failed to exhaust his administrative remedies under section 1406 (subd 1, par [b]) of the Abandoned Property Law is without merit. The letter from the State Comptroller's office dated August 27, 1976 returned petitioner's application for release of the funds for failure to supply certain proofs which are required by his regulations (2 NYCRR 14.6). Since the State Comptroller failed to reach the merits of petitioner's claim, the administrative review procedures contained in section 1406 of the Abandoned Property Law do not apply. Requiring petitioner to comply with the State Comptroller's administrative regulations under these circumstances would be inequitable because (1) it is not denied that the cost of compliance would exceed the amount of the funds and (2) petitioner has already sufficiently proved his ownership of the property for which he has been paid the great bulk of the award. By failing to raise objection under CPLR 506 (subd [b], par 2) to the venue selected by petitioner, either in his answering papers or by a motion to change venue, the State Comptroller waived his right thereto (CPLR 510, 511). The State Comptroller's objection to venue based solely upon section 1406 (subd 1, par [b]) of the Abandoned Property Law is not well taken because, as indicated above, that provision applies only to judicial review of administrative determinations on the merits of a claim to abandoned property and the letter of August 27, 1976 was not such a determination. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.