■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE R. STEWART, Appellant. — Appeal, by permission, from an order of the County Court of Albany County (Clyne, J.), entered March 13, 1980, which denied, without a hearing, a motion to vacate a judgment convicting defendant of two counts of criminal possession of stolen property in the first degree. Following his conviction of two counts of criminal possession of stolen property in the first degree by the County Court of Albany County, defendant was sentenced as a persistent felony offender to an indeterminate term of imprisonment of 20 years to life and imprisoned at the Clinton Correctional Facility in Dannemora, New York, pursuant to a commitment order dated August 16, 1978. By notice of appeal dated August 28, 1978 he appealed from this judgment of conviction, and the appeal has neither been perfected nor dismissed and is thus still pending. In March of 1979 he also petitioned the Supreme Court for a writ of habeas corpus upon the alleged grounds that his case was not properly presented to the Grand Jury and that he was not timely arraigned on the indictment against him. Special Term (Conway, J.) granted this application and made the writ returnable in Clinton County where defendant was incarcerated. By subsequent order of Special Term (Crangle, J.), dated January 25, 1980, the matter was returned, at defendant's request, to Albany County for an evidentiary hearing and final determination because evidence that could be obtained there was not available in Clinton County. Thereafter, on February 26, 1980, Special Term (Pennock, J.), without a hearing, directed that the matter be considered as a motion to vacate defendant's judgment of conviction pursuant to CPL article 440 and transferred the motion to Albany County Court. Finally, by order entered March 13, 1980, Albany County Court (Clyne, J.), denied the motion without a hearing on the ground that a direct appeal from the judgment of conviction was pending. Defendant now appeals. We hold that the order of County Court should be sustained. In so ruling, we find without merit defendant's contention that the order should be reversed because the proceeding was improperly transferred by Supreme Court, Clinton County, to Supreme Court, Albany County. CPLR 7004 (subd [c]), which requires that a writ of habeas corpus to secure the discharge of a person from a State prison be made returnable before a Justice of the Supreme Court within the county of detention, is concerned with venue, and by failing to make a timely objection to venue, a party waives his right thereto *(Cheteyan v Comptroller of State of N. Y.,* 64 AD2d 917). In the present instance, as noted, the writ was initially made returnable before a Justice within the county of detention. Moreover, the subsequent transfer to Supreme Court, Albany County, was made at the specific request of defendant whose motion to that effect was not opposed by the People. Under these circumstances, defendant has clearly waived any irregularity on the issue of venue. Similarly unpersuasive is defendant's argument that the determination of Justice Pennock to treat defendant's writ of habeas corpus as a motion under CPL article 440 was erroneous because it violated the doctrine of law of the case. That doctrine,

which makes a decided point within a case binding not only on the parties, but also on all other Judges of co-ordinate jurisdiction (see Siegel, New York Practice, § 448), is plainly inapplicable here because, prior to Justice Pennock's determination, there had been no ruling as to the appropriateness of a writ of habeas corpus to raise the issues set forth by defendant. Justice Conway only ruled that sufficient doubt had been raised by defendant's application as to the legality of his detention so as to require a hearing on the writ, and Justice Crangle merely directed the transfer of the matter to Albany County. Lastly, there is no need for an evidentiary hearing to be held on this matter. An examination of the order removing the indictment of defendant to County Court reveals that the removal was ordered on January 12, 1978, and defendant does not challenge the accuracy of that order. Since defendant also concedes that he was arraigned on January 16, 1978, it is obvious that the arraignment occurred within seven days of the removal as mandated by 22 NYCRR 863.3 (c). Similarly, defendant's bald assertions of other possible irregularities in the Grand Jury proceedings relating to him are unsupported by anything meaningful in the record and certainly do not warrant the conducting of a hearing. Order affirmed. Sweeney, J.P., Kane, Mikoll and Yesawich, Jr., JJ., concur.