■ In the Matter of the Estate of ALICE GAHAN, Deceased. MINDY J. TREPEL, Respondent; OFFICE OF THE STATE COMPTROLLER OF THE STATE OF NEW YORK, Appellant. [703 NYS2d 51] —In a proceeding to settle the account of the administrator of the estate of Alice Gahan, the Comptroller of the State of New York appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), entered July 30, 1998, which, *inter alia*, granted the Queens County Public Administrator's motion for summary judgment directing him to turn over shares of stock owned by the decedent, or proceeds from the sale of such shares, which had been deposited in the New York State abandoned property fund.

Ordered that the order is affirmed, with costs.

The late Alice Gahan was a Queens County resident who died intestate on May 16, 1985. No relatives came forward to seek letters of administration, and the Queens County Public Administrator was ultimately appointed to administer the Gahan estate. In the fall of 1994, the Public Administrator learned that shares of corporate stock owned by the decedent had been turned over to the Office of the State Comptroller of the State of New York for deposit into the State's abandoned property fund. The Public Administrator, as fiduciary of the estate, then sought to reclaim the decedent's assets. Although the Comptroller did not formally deny the Public Administrator's request, he refused to process it because there had not been a judicial determination that heirs existed who were entitled to receive a share of the estate. With this dispute still unresolved, the Public Administrator filed an accounting citing the Comptroller as a debtor of the estate. After the Comptroller filed objections to the accounting, the Public Administrator moved for summary judgment directing the Comptroller to turn over the decedent's assets. The Surrogate granted the motion, concluding that the Public Administrator had a statutory right to collect and administer the assets of the decedent's estate. We affirm.

An administrator's right to collect the assets of an estate is codified in EPTL 11-1.1 (b) (5) (A), which expressly grants a fiduciary the authority to "take possession" of the estate's property. Furthermore, public administrators have the same pow-

ers given by law to other fiduciaries of a decedent's estate (*see,* SCPA 1123 [1]). While the Comptroller has a long-standing policy of withholding assets deposited in the State's abandoned property account from public administrators until a kinship determination has been reached, the Comptroller has no statutory authority to withhold assets from the duly-appointed fiduciary of an estate. In this regard, we note that the Comptroller's reliance upon *Matter of Menschefrend* (283 App Div 463, *affd* 8 NY2d 1093, *motion to amend remittitur granted* 8 NY2d 1156, *cert denied sub nom. Brown v Lefkowitz,* 365 US 842) is misplaced. In *Menschefrend,* the decedent resided in California at the time of his death, and a diligent four-year search failed to discover any heirs or next of kin. Under those circumstances, the court concluded that this State was not required to turn over funds which had been deposited in the decedent's New York bank accounts to the State of California, where they would be subject to California's escheat laws. This case, however, does not involve a dispute between States over which State should retain escheated property, and *Menschefrend* does not support the Comptroller's position that he or she may refuse to turn over a decedent's property to a New York Public Administrator until a legal determination regarding the existence of heirs has been made.

We further note that the Comptroller's refusal to turn over the assets of a decedent's estate to the Public Administrator until it has been legally determined that there are heirs to the estate may frustrate the Public Administrator's efforts to conduct a diligent kinship investigation. This would serve to defeat the underlying policy of New York's Abandoned Property Law, which is to utilize unclaimed property for the benefit of the people of this State "while protecting the interest of the owners thereof" (Abandoned Property Law § 102).

Finally, we reject the Comptroller's contention that Abandoned Property Law § 1406 (1) (b) divests the Surrogate's Court of jurisdiction over this dispute, which clearly relates to the administration of the decedent's estate. Although this provision of the Abandoned Property Law requires a claimant to commence a proceeding pursuant to CPLR article 78 in the Supreme Court, Albany County, to review a final determination made by the Comptroller, it does not bar the fiduciary of an estate from moving in Surrogate's Court to compel the Comptroller to turn over abandoned property where, as here, the Comptroller fails or refuses to process a public administrator's request to reclaim a decedent's assets (*see, Cheteyan v Comptroller of State of N. Y.,* 64 AD2d 917). Krausman, J. P., McGinity, Feuerstein and H. Miller, JJ., concur.